THE WROUGHT IRON BRIDGE COMPANY, OF CANTON, STARK COUNTY, OHIO, Respondent, *v.* THE TOWN OF ATTICA, Appellant.

An act passed in 1887 (Chap. 205, Laws of 1887), which by its title is declared to be "An act to legalize the acts and proceedings" of the town board of auditors, commissioner of highways and of a town meeting in the town of Attica in relation to the erection of a certain bridge, which had been erected under a contract with the highway commissioner, after legalizing said acts and proceedings, contains a provision that it shall not be considered as requiring the town to pay the contract-price, but empowers the contractor to bring suit against the town to recover a fair and reasonable compensation for the work and material. *Held*, the provision is within the scope of the subject expressed in the title, and so is not violative of the provisions of the State Constitution (art. 3, § 16), prohibiting the passage of any private or local act embracing more than one subject and requiring that to be expressed in the title.

Also, *held*, that said act is not repugnant to the provisions of said Constitution (art. 3, § 18), prohibiting the passage of a private or local bill providing for building bridges, or the provision (art. 3, § 18) requiring that in an act authorizing taxation the purpose of the tax shall be stated.

The legislature has power to legalize and validate a claim, supported by a moral obligation and founded in justice, against a town, which has already been declared invalid by the courts, because of failure on the part of the town officers to pursue strictly the prescribed statutory proceedings.

Reported below, 49 Hun, 513.

(Argued January 16, 1890; decided January 28, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of October, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*George Wadsworth* for appellant. The act in question is a private and local bill. (*Johnson* v. *Spicer*, 107 N. Y. 185, 201–204; *People* v. *O'Brien*, 38 id. 193; *People* v. *Supervisors*, 43 id. 10; *In re N. Y. E. R. R. Co.*, 70 id. 327;

*People* v. *McCann*, 16 id. 58; *People* v. *City of Rochester*, 50 id. 553, 558, 559; *People* v. *Hills*, 35 id. 449, 452, 463; *In re Blodgett*, 89 id. 392, 395, 396; *In re Paul*, 94 id. 506; *In re Van Antwerp*, 56 id. 261; 70 id. 327.) The act does not state the tax and the object to which it is to be applied within the meaning of section 20, article 3, of the Constitution. (*Hurlbert* v. *Banks*, 1 Abb. [N. C.] 171; *Hanlon* v. *Supervisors*, 57 Barb. 395.)

*Tyrell & Ballard* for respondent. Chapter 205 of the Laws of 1887 is constitutional and valid. (Cooley on Const. Lim. 183; *Ogden* v. *Saunders*, 12 Wheat. 270; *People* v. *Supervisors of Orange*, 17 N. Y. 241; *Bank* v. *Van Dyke*, 27 id. 460; *People* v. *Hayt*, 7 Hun, 39; *People* v. *Briggs*, 50 N. Y. 558; *Connor* v. *Mayor, etc.*, 5 id. 293.) The act in question does not deprive the town of Attica and its taxable inhabitants of their property without due process of law. (*In re Van Antwerp*, 56 N. Y. 261; Cooley on Const. Lim. 370; *Tift* v. *City of Buffalo*, 82 N. Y. 204, 210; *In re Sackett St.* 74 id. 95; *Ensign* v. *Barse*, 107 id. 329; *Town of Duanesburgh* v. *Jenkins*, 57 id. 77; *Thomas* v. *Leland*, 24 Wend. 65; *Town of Guilford* v. *Supervisors*, 13 N. Y. 143; 18 Barb. 615; *Brewster* v. *City of Syracuse*, 19 N. Y. 116; *People ex rel.* v. *Flagg*, 46 id. 401; 47 How. Pr. 511; 16 Hun, 363; 19 N. Y. 118; 41 id. 134; 57 id. 189.) No public moneys or property, within the meaning of section 9 of article 1 of the Constitution, are appropriated by the act in question. (*In re Kingston*, 40 How Pr. 444; *Bd. of Super.* v. *Allen*, 99 N. Y. 532–539.) The act in question is not in conflict with the letter or spirit of section 16 of article 3 of the State Constitution. (*Neuendorf* v. *Duryea*, 69 N. Y..557; Cooley on Const. Lim. 143; *In re Mayer*, 50 N. Y. 504; *U. W. W. Co.* v. *City of Utica*, 31 Hun, 427; *In re City of New York*, 99 N. Y. 569; *Ins. Co.* v. *Mayor, etc.*, 8 id. 241; *In re Astor*, 50 id. 363; *Wallack* v. *City of New York*, 3 Hun, 97–106; *In re Volkening*, 52 N. Y. 650; *Gordon* v. *Cornes*, 47 id. 608–615; *Brewster* v. *City of Syracuse*, 19 id. 116;

*In re Van Antwerp*, 56 id. 261; *Wenzeler* v. *People*, 58 id. 516–526; *Matter of Astor*, 50 id. 363; *Wallack* v. *Mayor, etc.*, 3 Hun, 97; *Rogers* v. *Stephens*, 86 N. Y. 623; *People* v. *Whitlock*, 92 id. 191; *In re U. S.* 96 id. 227, 240; *In re Mayor, etc.*, 99 id. 569; *Matter of Knaust*, 101 id. 188–194; *Cole* v. *State*, 102 id. 49; *Board of Water Commissioners* v. *Dwight*, 101 id. 9.) The subject of the act is clearly expressed in the title. (*In re Public Parks*, 86 N. Y. 437; *Harris* v. *Supervisors*, 33 Hun. 279–286; Cooley on Const. Lim. 146; *Astor* v. *A. R. Co.*, 113 N. Y. 93–110; *McIntyre* v. *Allen*, 43 Hun, 124; *Matter of Mayor, etc.*, 99 N. Y. 569; *People* v. *Banks*, 67 N. Y. 568; 1 N. Y. S. R. 600; *Tift* v. *City of Buffalo*, 82 N. Y. 204–211.) The act does not conflict with sections 17 or 21 of article 3 of the Constitution. (*People* v. *Hayt*, 7 Hun, 39; *People* v. *Banks*, 67 N. Y. 568; *In re U. F. Co.*, 32 Hun, 82; 98 N. Y. 140–158.) The act in question does not in any sense of the term "provide for building bridges" as used in section 18, article 3 of the Constitution. It does not direct the building of any bridge, but simply ratifies defective proceedings in reference to a bridge which had already been built. (*Tift* v. *City of Buffalo*, 82 N. Y. 204–211; *Jones* v. *Chamberlain*, 16 N. E. Rep. 72–74; *In re McPherson*, 104 N. Y. 306; 93 id. 314; 47 How. Pr. 494–510; *Wallack* v. *Mayor, etc.*, 3 Hun, 97–108; *People* v. *Supervisors*, 8 N. Y. 317; *People* v. *Havemeyer*, 47 How. Pr. 494–512.) No extra compensation is granted by the act. The plaintiff will be content by obtaining the original compensation, say nothing about any extra compensation. (*Town of Guilford* v. *Board of Supervisors*, 13 N. Y. 143; *People* v. *Flagg*, 46 id, 401; *Litchfield* v. *Vernon*, 41 id. 123; *Tift* v. *City of Buffalo*, 82 id. 204; *Ensign* v. *Barse*, 107 id. 329; *Wallack* v. *Mayor, etc.*, 3 Hun, 97; 1 N. Y. S. R. 600; *People* v. *Supervisors*, 5 N. Y. 517.) Section 23 of article 3 of the Constitution contains nothing prohibitory. (*Supervisors* v. *Allen*, 99 N. Y. 532–538.) The bridge itself is a sufficient consideration to sustain the tax. (*Thomas* v. *Leland*, 24 Wend. 65; *Town of Guilford* v. *Supervisors*, 13 N. Y. 143, 148; *Brewster* v.

*City of Syracuse*, 19 id. 116–118 ; *People* v. *Flagg*, 46 id. 401; *Tift* v. *City of Buffalo*, 82 id. 204; *Litchfield* v. *Vernon*, 41 id. 123 ; *People* v. *Havemeyer*, 47 How. Pr. 494 ; *Townsend* v. *Mayor, etc.*, 16 Hun, 362.) The act in question is not an *ex post facto* law within the meaning of subdivision 1 of section 10, article 1 of the Constitution of the United States. (Cooley on Const. Lim. 264 ; *Calder* v. *Bull*, 3 Dallas, 386 ; *Ogden* v. *Saunders*, 12 Wheat. 266 ; *Burch* v. *Newberg*, 10 N. Y. 374–391; *Southwick* v. *Southwick*, 49 id. 510–520 ; *Board of Supervisors* v. *Town of Guilford*, 13 id. 143 ; *Tift* v *City of Buffalo*, 82 id. 204; *Bay* v. *Gage*, 36 Barb. 447 ; *Cole* v. *State of New York*, 102 N. Y. 48.)

O'Brien, J. This action was brought by the plaintiff to recover of the defendant the sum of $4,064.61 and interest, the cost of constructing an iron bridge across Tonawanda creek in one of the public highways of the village and town of Attica.

In July, 1884, a special meeting of the town board, composed of the supervisor, town clerk and justice of the peace of said town, was called and held for the purpose of examining and inspecting the bridge leading over the creek in the highway called Main street in the village of Attica, and determining the question of the sufficiency and safety of the same for public travel. Upon such inspection by such board it was ascertained and determined that the bridge was unsafe, and the same was condemned as such; and the commissioner of highways of the town was directed to construct or to procure to be constructed a new iron bridge in the place of the one so condemned, at the expense of the town. On the 7th of August, 1884, the commissioner of highways entered into a contract in writing with the plaintiff for the furnishing of the material and the construction of a new bridge at the price of $3,975. It was also agreed, between the commissioner and the plaintiff, that the plaintiff should remove the old bridge and should be paid for the expense thereof by the town, and the old bridge was accordingly removed by the plaintiff at an expense of $89.61.

The new bridge was completed in February, 1885, and was accepted by the commissioner of highways, opened to the public and has ever since been used for travel as a part of the public highway in that town. Thereafter, in the same month of February, the commissioner of highways presented to the auditing board of the town his account for the erection and completion of the bridge at the sum of · $3,975, and also the sum of $89.61, the expense of removing the old bridge, and the auditing board allowed the same, so far as it had power to do so. At the annual town meeting in the same month a resolution was presented to the electors of the town, voted upon and passed, in substance and effect authorizing the supervisor of the town to either raise the amount due the plaintiff for the construction of said bridge and the expense of removing the old one, or to make arrangements to extend the time for the payment thereof; and to that end he was authorized to give the obligations of the town to secure such payment with interest. At the same town meeting a new commissioner was elected to succeed the one who was a party to the contract and proceedings referred to. The plaintiff demanded payment of the amount claimed to be due it under the contract, but payment was refused.

In October, 1885, the plaintiff commenced an action in the Supreme Court against the new commissioner of highways to recover the amount due for the contract-price of the bridge and the expense of removing the old one. Issue was joined and the action was tried in March, 1886. The jury rendered a verdict for the amount of the plaintiff's claim, but, subsequently, upon a motion for a new trial, the judge presiding at the circuit set aside the verdict and held that the contract with the plaintiff for the construction of the new bridge was made without authority; that all the proceedings above stated were unauthorized and ineffectual to bind the town, and that the plaintiff could not recover. It does not appear that this judgment defeating plaintiff's claim was ever disturbed by appeal, or otherwise, but the plaintiff seems to have had recourse to the legislature for relief. For this purpose chapter 205 of the

Laws of 1887 was passed, entitled " An act to legalize the acts and proceedings of the town board, and the town board of auditors of the town of Attica, Wyoming county, in relation to the erection of a certain iron bridge over the Tonawanda creek, on Main street, in the village of Attica, in said town, and the acts and proceedings of the annual town meeting of said town, held on the twenty-second day of February, eighteen hundred and eighty-five, in relation to said bridge, and all the acts and proceedings of George D. Miller, as highway commissioner of said town, in relation to said bridge."

By the first four sections of the act, all the proceedings heretofore stated of the town board of the town, the town auditors of the town, the electors at the town meeting, and the commissioner of highways who made the contract, were legalized and confirmed in all respects, and made binding on the town of Attica. The fifth and last section provided that the act should not be so construed as to require the town to pay the amount audited by the town board or the contract-price of the work, but authorized and empowered the plaintiff to institute and maintain an action at law in any court having competent jurisdiction against the town to recover a fair and reasonable compensation for the work and materials.

After the passage of this act, and in May, 1887, the present action was brought by the plaintiff. Upon the trial, evidence was given by both parties as to the value of the labor performed and materials furnished by the plaintiff in the erection of the bridge. The case was submitted to a jury, and a verdict was rendered in favor of the plaintiff for $4,414.89. The judgment entered upon this verdict has been affirmed at the General Term, and the defendant appeals to this court.

It is urged in support of the appeal that the act of the legislature, enabling the plaintiff to bring and maintain this action and legalizing the proceedings of the town authorities, is violative of the Constitution. The main contention in support of this proposition is, that the act contains provisions foreign to its general scope and purpose, as expressed in the title. It is urged that the provision contained in the fifth section of the

act, which, in effect, ignores the terms of the contract, and relieves the town from even its moral obligations, so far as the amount of its liability is concerned, and requires the plaintiff to prove the value of the materials and labor used in the construction of the bridge, is a departure from the purpose of the law, as expressed in the title, and, therefore, is violative of section 16, article 3 of the Constitution, which prohibits the legislature from passing any private or local bill, embracing more than one subject, and that shall be expressed in the title.

We think that the provision permitting the plaintiff to sue for the value of the material and labor expended in the construction of the bridge is sufficiently indicated in the title of the act, which is, no doubt, private and local within the meaning of the Constitution.    It is only necessary on this point to quote the language of Finch, J., in *Matter of Mayor*, etc., *of New York* (99 N. Y. 569):  " Where one reading a proposed bill with the title in his mind comes upon provisions, which take him by surprise which he could not reasonably have anticipated, and so both citizen and legislators are misled and thrown off their guard, it is our duty to declare the condemnation of the fundamental law.    But, when, as in the present case, no such evil lurks in the title, and the provision criticised may be easily and reasonably grouped within the scope and range of the general subject expressed, we ought not to destroy the legislation upon some nice and rigid criticism of forms of expressions."

It is apparent from the title of the act that its purpose was to legalize the acts and proceedings of the town authorities, under which the plaintiff had constructed the bridge, and to enable the plaintiff to recover a fair and just compensation for its services and for the materials used.    With such a title, a provision relieving the town from liability for the amount specified in the contract, if any such liability existed, and allowing it to reduce that amount by proof on the trial, if it could, and permitting the plaintiff to show the value of the labor and materials expended, and limiting its right of recovery to that sum, could deceive no one, take no one by surprise,

whether citizen or legislator, and might well be anticipated from the language of the title. Moreover, this provision was in itself perfectly fair and just to both parties, and quite as favorable to the defendant as to the plaintiff.

It is also urged, in behalf of the appellant, that the legislature had no power to legalize and validate a claim against the town which had already been declared invalid by the judicial tribunals. That this power exists under the Constitution in a proper case was decided in this court in *Town of Guilford* v. *Supervisors* (13 N. Y. 143). The doctrine of that case has been steadily followed ever since in numerous other cases as late as the case of *Cole* v. *The State* (102 N. Y. 48). The principle that claims, supported by a moral obligation and founded in justice, where the power exists to create them, but the proper statutory proceedings are not strictly pursued, or for any reason are informal and defective, may be legalized by the legislature and enforced either against the state itself or any of its political divisions through the judicial tribunals, is, we think, now well settled. In our opinion the legislature had the power in this case to legalize the defective proceedings of the town authorities upon the faith of which the plaintiff acted, and in this way confer power upon the courts to compel the town to pay those obligations which its officers contracted without observing the necessary steps pointed out by the statute, and the benefits of which it had already received and continues to enjoy.

The legislation in question has also been attacked by the defendant as in violation of other provisions of the Constitution. Its condemnation is demanded under section 18 of article 3, which prohibits the passage of any private or local bill providing for building bridges; under section 20 of article 3, which requires that in bills authorizing taxation the purpose of the tax shall be stated, and also under various other provisions of the Constitution.

We do not consider it necessary to notice with more particularity these several objections, as it would unnecessarily extend this discussion and would not answer any useful purpose. We

have already considered all the points passed upon by the court below. It is enough to say that we have carefully examined all the objections to this bill urged by the learned counsel for the appellant, and we think that no provision of the Constitution is violated in the general scope and purpose of the act itself, the substance of any of its provisions or in the manner of its enactment by the legislature.

The other questions raised by the exceptions taken by the defendant in the course of the trial were correctly disposed of in the courts below.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.