## VAN DEVENTER v. LONG ISLAND CITY.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

TAXATION—VOID ASSESSMENT—RELEVY BY LEGISLATURE.

The legislature has power to ratify and relevy void taxes, and the power includes the interest as well as the amount of the tax originally.

Appeal from special term, Queens county.

Action by Jacob H. Van Deventer to vacate taxes on real estate in Long Island City for the years 1877 to 1886, the irregularity being that for certain of the years the assessors omitted to assess certain lands embraced in public parks, and for the years 1882 and 1883 did not assess any personal property in the city. Defendant pleaded the ratification, confirmation, and levy of all the taxes prior to 1883, by Laws 1882, c. 383, and Laws 1886, c. 656. The court refused to find that the taxes, prior to 1883, were levied, ratified, and confirmed by the acts of 1882 and 1886, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Foster,* for appellant. *Frank E. Blackwell,* for respondent.

BARNARD, P. J. No new principles are involved different from those presented by the cases of *People* v. *Bleckwenn,* 7 N. Y. Supp. 914, and *Francklyn* v. *Long Island City,* 32 Hun, 451, lately decided by this court. In these cases the tax was void for an omission of the assessors. The tax-roll was made out in due form, and under the statute notice, but the assessors did not annex, in one of the cases, a statute certificate. The legislature reimposed the tax by direct act. In the other case the defect was similar in principle. It was held on appeal to this court that the legislature had the power to levy, confirm, and ratify the tax, and that this power included the interest as well as the amount of the tax originally. The defect in the first case consists in the fact that the assessor left off the roll, purposely, real and personal property. The lands in the complaint were only charged with their proportionate share of the amounts directed to be raised on the city. It is very doubtful whether under these averments the whole levy would be void. If it was a void tax the legislature could validate it. *Ensign* v. *Barse,* 107 N. Y. 329, 14 N. E. Rep. 400, and 15 N. E. Rep. 401. The legislature had power to relevy the same, and apportion the tax. *Spencer* v. *Merchant,* 100 N. Y. 585, 3 N. E. Rep. 682. It is not therefore necessary to determine the question whether the plaintiff's cause of action is barred by the short statute of limitation, created by chapter 383, § 11, Laws 1882, and chapter 656, § 10, Laws 1886. The judgment should be reversed, and a new trial granted, costs to abide event. All concur.