### In re ROCHESTER TRUST & SAFE DEPOSIT CO. In re FIDELITY TRUST CO. In re UNION TRUST CO.

(Supreme Court, Special Term, Monroe County. February, 1904.)

1. TRUST COMPANIES—LOCAL TAXATION.

Chapter 132, p. 316, Laws 1901, amends the general tax law by providing for franchise tax on trust companies and for time of payment of the same, and amends section 202 of the tax law (Laws 1896, p. 867, c. 908) by providing for exemption of trust companies from all other taxes except the reorganization tax, if the taxes due and payable under this act are paid. Laws 1901, p. 1319, c. 535, provides for the amendment of chapter 132, and for a franchise tax on trust companies, but omits the exception clause contained in chapter 132. Laws 1902, p. 461, c. 172, provides for the revival of the sections of chapter 132, p. 316, Laws 1901, inadvertently repealed by chapter 535, p. 1319, Laws 1901, and re-enacts Tax Law, § 189, subd. 7 (Laws 1901, p. 316, c. 132), providing for reports by trust companies, and section 202 of the tax law, in regard to exemptions from other taxes. *Held*, that chapter 172, p. 461, Laws 1902, exempted the property of trust companies from local taxation.

2. TAXATION—EXEMPTIONS—POWER OF LEGISLATURE.

The Legislature has the power to exempt certain classes of property from taxation, even retrospectively.

In the matters of supplementary proceedings for the collection of taxes from the Rochester Trust & Safe Deposit Company, from the Fidelity Trust Company, and from the Union Trust Company. Motions for the dismissal of the proceedings. Granted.

John P. Morse, for John B. Hamilton, county treasurer.
William N. Cogswell, for Rochester Trust & Safe Deposit Co.
Foote, Perkins & Havens, for Fidelity Trust Company.
Elbridge L. Adams, for Union Trust Company.

RICH, J. These are motions in behalf of delinquent tax debtors to dismiss supplementary proceedings to collect an unpaid county tax for the year 1901, which proceedings were instituted under section 259 of the tax law (Laws 1896, p. 885, c. 908). The motions for the dismissal of the proceedings are made on the ground that the taxes levied against said trust companies under which the proceedings were instituted are illegal and void, and also that section 259 of the tax law, under which the proceedings are instituted, is unconstitutional, in that it does not provide for equal process of law. Chapter 132, p. 316, of the Laws of 1901, amends the general tax law of the state by adding a new section to be section 187a, which section provides for the franchise tax on trust companies payable to the state. Section 2 of this act amends section 189 of the tax law by adding thereto a subdivision, to be subdivision 7 thereof, which provides for the reports by trust companies to the State Comptroller. Section 3 amends section 194 of the tax law by providing the time of payment of the tax upon trust companies. Section 4 of this act amends section 202 of the tax law by providing for the exemption of trust companies from assessment and taxes for state and all other purposes except the organization tax,

¶ 2. See Taxation, vol. 45, Cent. Dig. §§ 307, 316.

if all the taxes due and payable under this article have been paid. Section 5 provided that this act shall take effect immediately. This act became a law on March 21, 1901. On April 25, 1901, chapter 535, p. 1319, of the Laws of 1901, became a law. Section 1. of this act provides that chapter 132 of the Laws of 1901, entitled "An act to amend the tax law in relation to the taxation of trust companies is hereby amended so as to read as follows," and provides for a franchise tax on trust companies payable to the state, but omits the exemption clause contained in chapter 132 of the Laws of 1901, which it amends. Section 2 provides that this act shall take effect immediately. On March 17, 1902, chapter 172, p. 461, of the Laws of 1902, became a law. Section 1 of this act provides that "sections 2, 4, and 5 of chapter 132 of the Laws of 1901, entitled 'An act to amend the tax law in relation to the taxation of trust companies,' which were inadvertently repealed by chapter five hundred and thirty-five of the laws of nineteen hundred and one, entitled 'An act to amend the tax law, in relation to the taxation of trust companies' are revived and re-enacted and shall be deemed to be continued in force since the date when said sections originally took effect as follows," and then re-enacts subdivision 7 of section 189 of the tax law in regard to reports to State Comptroller, and also section 202 of the tax law in regard to exemption from other taxes.

The county taxes for the county of Monroe for wards within the city of Rochester are assessed pursuant to section 83 of the charter of the city of Rochester, as amended by chapter 119, p. 207, of the Laws of 1900. This section provides that the city assessors shall assess the real and personal property within the city of Rochester by the 15th day of January in each year, and shall deliver the rolls to the clerk of the city on or before the 15th day of April in each year, and shall make and certify a copy of the assessment books as they shall then exist, and deliver the same to the supervisors of the several wards, respectively, for use of the board of supervisors of Monroe county on or before the 1st day of October in each year. The section further provides that the said assessors are hereby directed and empowered to make such additional amendments and corrections in said assessment rolls as to the names of the actual owners or occupants and values of real and personal estate therein assessed as they shall deem proper at any time before the 1st day of July in each year. The personal property of a corporation is taxable unless exempt from taxation by law. Tax Law, § 3. It is conceded that chapter 132, p. 316, of the Laws of 1901, which became a law on March 21, 1901, not only imposed a franchise tax on trust companies, but also exempted trust companies from taxation for state and other purposes except the organization tax, upon the condition that the franchise tax was paid. This act immediately became the law in regard to the taxation of trust companies within the state of New York, and it remained the law under which the assessors were bound to act until the 25th day of April, 1901, when chapter 535 of the Laws of 1901 became a law. The trust companies paid the franchise tax imposed in August, 1901.

I think it must be held that chapter 535, p. 1319, of the Laws of 1901, by amending chapter 132, p. 316, of the Laws of 1901, so as to

read as prescribed in the amended act, worked a repeal in so much of the former act as was not included in the original act. People v. Wilmerding, 136 N. Y. 363, 32 N. E. 1099. It is at the same time perfectly apparent that it was not intended to have such an effect. If such were the effect, the provisions for ascertaining the amount of the franchise tax are omitted, and the trust companies will be subject to a double taxation. The Legislature undertook to remedy this inadvertence in 1902 by re-enacting the omitted sections in the amended law, and providing that the sections revived and re-enacted should be deemed to be continued in force since the date the said original sections took effect. While it is true, as contended by counsel for both parties, that the courts, and not the Legislature, are the proper tribunals to declare what is or has been the law, still the Legislature has power to cure, retrospectively, defective or irregular proceedings to levy, assess, or collect taxes, provided no injustice be inflicted thereby. Vandeventer v. Long Island City, 57 Hun, 590, 10 N. Y. Supp. 801; People v. Turner, 145 N. Y. 451, 40 N. E. 400; Smith v. City of Buffalo, 90 Hun, 118, 35 N. Y. Supp. 635; Wrought Iron B. Co. v. Town of Attica, 119 N. Y. 204, 23 N. E. 542. The taxing power of the Legislature is practically absolute, except as restrained by constitutional limitations. People v. Fitch, 148 N. Y. 71, 42 N. E. 520; Genet v. City of Brooklyn, 99 N. Y. 296, 1 N. E. 777. It also has the power to exempt certain classes of property from taxation, even retrospectively. People ex rel. A. B. Society v. Commissioners, 142 N. Y. 348, 37 N. E. 116; State v. St. Louis, etc., Ry. Co., 79 Mo. 420; Cooley, Const. Lim. (6th Ed.) 454. I am therefore of the opinion that chapter 172 of the Laws of 1902 had the effect of exempting the property of trust companies from the local taxes in question. The order asked for by the trust companies should be granted, without costs.

Motions by trust companies granted, without costs.