CITY OF ELMIRA v. SEYMOUR et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

STATUTES—SUBJECT-MATTER—SPECIAL ACT—EXPRESSION IN TITLE.

> Laws 1905, p. 1080, c. 476, entitled "An act to authorize the city of Elmira to issue its bonds for the construction of a bridge or the reconstruction and repairing of an existing bridge," and authorizing the issuance of bonds to construct or repair a bridge, creating a board of commissioners, and giving it power to expend the moneys realized from the bonds in the building or repair of the bridge, is not in conflict with Const. art. 3, § 16, providing that no private or local bill shall embrace more than one subject which shall be expressed in the title.

Submission of controversy without action between the city of Elmira and Edmund Seymour and another. Judgment for plaintiff.

The plaintiff is a municipal corporation organized under special charter, viz., chapter 615, p. 1456, of the Laws of 1904, and the acts amendatory thereof. On the 17th day of May, 1905, the Legislature of this state passed chapter 476, p. 1080, of the Laws of that year, entitled "An act to authorize the city of Elmira to issue its bonds for the construction of a bridge or the reconstruction and repairing of an existing bridge across the Chemung river in the city of Elmira." Such act authorized and directed the common council of said city to issue, upon written demand of the board of commissioners therein provided for, the bonds of said city in a sum not exceeding $55,000, the moneys arising therefrom to be disbursed upon the orders of said board of commissioners. Commissioners were by such act appointed, and the constitution of such board was therein provided for, and the board was therein authorized to expend the moneys realized from the sale of such bonds to build or to repair a bridge across the Chemung river in said city from Lake street to Pennsylvania avenue. Said board determined to repair the bridge at such site, and demanded of the common council that they issue the bonds of said city in the sum of $55,000, as provided in said act. The common council thereupon

directed the issuance and execution of such bonds, and further directed the city clerk to advertise for bids for the purchase of the same. The defendants, as copartners composing the firm of Edmund Seymour & Co., doing business in the city of New York, in response to such advertisement by the city clerk, on August 7, 1905, submitted a proposal accompanied by a deposit of $1,500 as an evidence of good faith, in which they offered to purchase said bonds, if they should be found in all respects legal. Such bid was accepted by the plaintiff, and thereafter said bonds were issued and tendered to the defendants, who refused to accept or pay for the same, on the sole ground that the said act authorizing their issue is unconstitutional and void, in that it is in conflict with section 16 of article 3 of the state Constitution, and the bonds are therefore illegal.

Argued before PARKER, P. J., and CHASE, CHESTER, and KELLOGG, JJ.

Richard H. Thurston, for plaintiff.

William Morgan Lee, for defendants.

PARKER, P. J. The defendants in this proceeding having bid 106 for the $55,000 of bonds issued by the plaintiff under the act in question, and such bid having been accepted by the plaintiff, a contract arose between such parties; and the defendants are liable to forfeit the $1,500 put up by them, as damages for a breach of such contract, provided they now refuse to proceed therewith, unless they are able to establish some good reason for such refusal. The only ground that the defendants offer as an excuse for such refusal is that the act under which the plaintiff claims to issue such bonds is in violation of section 16 of article 3 of the state Constitution, and such is the only question that under this record is presented for our decision. Section 16 of article 3 of our state Constitution provides as follows:

"No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

The title of the bill in question reads as follows:

"An act to authorize the city of Elmira to issue its bonds for the construction of a bridge or the reconstruction and repairing of an existing bridge across the Chemung river in the city of Elmira."

The defendants claim that this act is violative of this provision of the Constitution, and that therefore the bonds are isued without authority. It was some time ago agreed that the courts are unable to formulate any general rule that will solve all the cases coming under this section. Each case seems to depend generally upon its own peculiar provisions. Van Brunt v. Town of Flatbush, 128 N. Y. 50, 54, 27 N. E. 973. It is said in People ex rel. Burroughs v. Brinkerhoff, 68 N. Y. 265, that, whenever such an act and the title meet the purpose of the constitutional inhibition, the act is valid. And in People ex rel. Corscadden v. Howe, 177 N. Y. 499, 504, 69 N. E. 1114, 66 L. R. A. 664, it is said that the object of the constitutional requirement was "to advise the public in general, and members of the Legislature in particular, by the title of the bill what interests are likely to be affected by its becoming a law. * * * The general rule to be deduced from them [viz., the many decisions on the subject] is that it is not necessary that the title of the bill should be the best that could be selected, nor is it necessary to set forth in the title the various

details of the object or purpose to be accomplished by the bill. It is sufficient if the title fairly expresses the general purpose of the bill, but at the same time the title must be such as to reasonably appraise the public of the interests that are or may be affected by the statute."

It seems to me clear that the act in question fully meets all the requirements here laid down. The purpose of the act is plain. It is suggested that there are two subjects contained in the act—the one to issue bonds, and the other to authorize the building or repair of a bridge—and that hence, being a local bill, it violates the Constitution. But here are not two independent subjects provided for in this act. Evidently but one subject is intended, and that is that the Lake Street Bridge is to be rebuilt or repaired, and the expense thereof is to be paid for by the issue of city bonds. And the title of the act will deceive no one. A fair interpretation of such title manifestly suggests the very purpose for which the act is intended. No one can be mislead by it. No one would naturally suppose that bonds were to be issued for the building of a bridge and yet no bridge be built; and, if it might fairly be supposed that the bridge was to be built, the provisions for building it, and methods for raising money on the bonds, might fairly be expected to be found in the act. It all seems germane to the one act, and for this reason I conclude that the bonds are valid bonds, and the contract of the parties hereto concerning them should be performed.

Judgment for plaintiff, with costs. All concur.