GEORGE S. ABELL, Plaintiff, v. JOHN H. CLARKSON, President of the Village of Cornwall, and Others, Defendants.

Second Department, June 15, 1923.

Villages — extension of boundaries — Laws of 1923, chap. 20, extending corporate boundaries of village of Cornwall is not private or local bill within State Constitution, art. 3, § 18 — Legislature had power to validate prior proceedings to extend corporate boundaries — act providing for extension and also validating prior proceedings to extend boundaries does not embrace more than one subject in title within State Constitution, art. 3, § 16 — if validating section of statute is invalid, validity of section extending boundaries would not be affected.

Chapter 20 of the Laws of 1923, entitled "An act to extend the boundaries of the village of Cornwall, in the county of Orange," which in section 1 extended the corporate boundaries of the village of Cornwall and in section 2 validated prior proceedings had under section 348 of the Village Law for the purpose of extending the boundaries, is not a private or local bill within the meaning of section 18 of article 3 of the Constitution, providing that the Legislature shall not pass a private or local bill incorporating a village, since the purpose of the act is not to incorporate a village but merely to extend the boundary lines.

The Legislature has the power to validate prior proceedings had under section 348 of the Village Law for the purpose of extending corporate boundaries and may cure any irregularities found in those proceedings.

Said statute is not invalid on the ground that it is a private or local bill which embraces more than one subject in its title in violation of section 16 of article 3 of the Constitution, in that it extends the boundary lines and also validates prior proceedings, since the general purpose of the bill is the extension of boundary lines, and the two sections of the statute provide simply for different methods of effecting the same result.

If the section of said statute which validates prior proceedings could be held to be invalid, it does not in any way affect the validity of the first section of the statute which extends the boundaries of the village.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Henry Hirschberg,* for the plaintiff.

*Graham Witschief,* for the defendants.

MANNING, J.:

The sole question for our decision is the constitutionality of chapter 20 of the Laws of 1923, entitled " An act to extend the boundaries of the village of Cornwall, in the county of Orange." Concretely stated, the contention of the plaintiff is that the act in question in effect creates a new village, which it is claimed is in violation of the general Village Law, while the defendants claim that the act merely takes in a small portion of additional territory, thereby increasing the size of a village already in existence, and that no new village is created or attempted to be created.

The act in question is in two sections, the first of which describes the additional territory to be annexed, and the second which legalizes, ratifies and confirms the proceedings previously taken by the village authorities under section 348 of the Village Law (as amd. by Laws of 1915, chap. 257), whereby it was sought to annex the disputed territory.

The plaintiff is a taxpayer and a resident in the district of the town of Cornwall which by the provisions of the act is annexed to the village of Cornwall. The defendants are, respectively, the president and the trustees of the village of Cornwall, and the village of Cornwall. It appears that on or about the 7th day of March, 1922, a petition in writing, dated February 9, 1922, signed by a number of persons, was filed with the clerk of the board of trustees of the village of Cornwall, purporting to be in conformity with section 348 of the Village Law, praying that certain territory therein described and adjoining the village be annexed thereto. The lands proposed to be so annexed are also set forth in the act of the Legislature complained of (Laws of 1923, chap. 20, § 1). The proposed annexed lands at the time comprised a part of the town of Cornwall, and also included two small settlements known as Firthcliff and Canterbury.

The proposition embraced in the petition for annexation was thereafter submitted to the voters of the village at the annual election held on March 21, 1922, and the result was that annexation was favored by a vote of 148 to 56. The plaintiff, feeling aggrieved at the result, thereafter began legal proceedings to prevent the annexation, and obtained a certiorari order against the village trustees, claiming among other things that the act of such trustees was illegal and that the petition for annexation was defective. Various steps seem to have been taken in regard to the certiorari order and the return thereto, and after the last hearing in the matter on November 25, 1922, and while the proceeding was still undetermined, the parties stipulated that all further proceedings therein be suspended to await the determination of the submission of this controversy. It was subsequent to this time that a bill was introduced in both the Assembly and Senate of New York, and this bill was enacted as a law by the Legislature, and, being approved and signed by the Governor on the 1st day of March, 1923, became the act which the plaintiff asserts is unconstitutional and void and is known as chapter 20 of the Laws of 1923 and is entitled " An act to extend the boundaries of the village of Cornwall, in the county of Orange."

The plaintiff claims that the act referred to is unconstitutional and void for the following reasons:

I. That said act is a private or local bill incorporating the territory described therein, including plaintiff's real property, as part of the village of Cornwall.

II. That the bill is contrary to the provisions of section 16 of article 3 of the Constitution of the State, in that it is a private or local bill which embraces more than one subject and subjects not expressed in its title.

III. Because the subject-matters of the act are judicial and not legislative and are not within the grant of legislative power.

IV. That the act constitutes a taking of plaintiff's property, under the illegal guise of taxation, contrary to section 1 of the Fourteenth Amendment of the Constitution of the United States, and further that the act attempts to determine matters now pending in the courts of the State, this in particular having reference to the certiorari proceedings commenced by the plaintiff and which are yet undetermined.

Only the first *three* objections, however, are urged against the act.

Upon the facts thus stipulated in the record, each of the parties asks for judgment, the main prayer of the plaintiff being for a ruling which shall declare the act referred to unconstitutional·

and void, while that of the defendants asks that the statute be upheld.

The act in question reads as follows (excluding the particular described territory):

" An Act to extend the boundaries of the village of Cornwall, in the county of Orange.    *    *    *

" SECTION 1.  All that part of the town of Cornwall in the county of Orange and State of New York embraced or included within the following boundaries or description is hereby annexed to and made part of the village of Cornwall, namely:  [Here follows the description by metes and bounds.]

" § 2.  The territorial annexation petition filed with the clerk of the board of trustees of said village of Cornwall on or about the seventh day of March, nineteen hundred and twenty-two; the determination of said trustees in favor of the validity and sufficiency of said petition; the submission by said trustees of the territorial annexation proposition at the annual election in said village on the twenty-first day of March, nineteen hundred and twenty-two; and the adoption thereof at such election, are hereby legalized, ratified and confirmed; and all the acts of the board of trustees and officers of said village done since the submission and adoption of said proposition relative to and in pursuance of said annexation are hereby legalized, confirmed and made valid.

" § 3.  This act shall take effect immediately."

The village of Cornwall was incorporated in 1884 or 1885, under the Village Law, which was then chapter 291 of the Laws of 1870, as amended, and the annexed territory comprises about five and one-half square miles.  It is larger in territory than the original village, contains a population larger than the village and includes the two unincorporated hamlets known as Firthcliff and Canterbury.

Coming now to the objections raised against the act by the defendant.  The first is that it is a private or local bill incorporating the territory therein described as the village of Cornwall.  I have reached the conclusion that this objection is without merit or legal support to sustain it.  The clause of the Constitution invoked by plaintiff is section 18 of article 3, which provides as follows:

" The Legislature shall not pass a private or local bill in any of the following cases:    *    *    *    Incorporating villages.    *    *    * The Legislature shall pass general laws providing for the cases enumerated in this section, and for all other cases which in its judgment, may be provided for by general laws."

It is a cardinal rule of construction that every intendment is in favor of the constitutionality of a statute, and hence courts will hesitate to declare an act of the Legislature void unless it clearly

appears to be in conflict with the Constitution. As I read the act criticised, there appears to be no such infirmity. The act does not incorporate any village; all it purports to do, as claimed by the defendants, is to extend the boundaries of an existing village by adding or annexing additional territory thereto, and the result is, no new village is created at all.

Prior to the passage of the act complained of, there existed two corporate entities, viz., the town of Cornwall and the village of Cornwall. The act did not change the situation, for both town and village still survive, and no new corporation is created which takes their place. That the Legislature has exercised the power to alter and enlarge the boundaries of villages is apparent from the passage of various acts similar to the one under discussion. Among others, the following may be referred to:

Chapter 205 of the Laws of 1922 extended the boundaries of the village of Spencerport.

Chapter 149 of the Laws of 1920 legalized all acts and proceedings of the village of Whitesboro for reincorporation.

Chapter 7 of the Laws of 1915 amended the charter of the village of Peekskill by the extension of boundaries and they were also changed by chapter 329 of the Laws of 1906.

Chapter 414 of the Laws of 1910 changed the boundaries of the village of Mechanicville.

Chapter 264 of the Laws of 1909 changed the boundaries of the village of Ossining and so also did chapter 242 of the Laws of 1906.

Chapter 64 of the Laws of 1905 changed the boundaries of the village of Kinderhook.

Chapter 190 of the Laws of 1903 changed the boundaries of the village of Batavia.

Chapter 231 of the Laws of 1907 validated proceedings with reference to the extension of the limits of the village of Kenmore and the assessment roll of 1906.

Chapter 491 of the Laws of 1906 diminished the boundaries of the village of Celoron when section 349 of the Village Law (since amd. by Laws of 1921, chap. 275) prescribed under what conditions such action might be taken.

It is conceded by counsel for the parties concerned that there are few, if any, decisions in our own courts on the exact question presented here, but we have sufficient authority for the proposition invoked by the defendants that the Legislature has full power to extend the limits of an existing municipality by annexing territory thereto, and that such annexed territory should be made liable for the debts of the original corporate body. (*Matter of Hollister v. City of Rochester*, 41 Misc. Rep. 559; affd., 96 App. Div. 501;

affd., 180 N. Y. 518.)   Another case pertinent to the discussion here is *Reed* v. *Schmit* (39 Hun, 223, 224).   That case is criticised by the plaintiff as not being applicable to the situation here, for the reason that the village in that case was incorporated prior to the adoption of the Constitution as in force at the time.   The facts are, of course, not exactly identical, but the principle announced is the same as that contended for by the plaintiff in the present case.   Other authorities cited are *People ex rel. Coney Island Jockey Club* v. *Purdy* (152 App. Div. 175; affd., 207 N. Y. 695), holding that the Legislature had full power to incorporate the town of Gravesend in the city of Brooklyn; and *People ex rel. Welch* v. *Dunn* (168 App. Div. 678; affd., 217 N. Y. 688), wherein the annexation of territory to the city of Schenectady was upheld.

Since the Constitution of the State contains no prohibition in reference to extending the boundaries of any village and the act under discussion here only extends an existing village boundary, my judgment is that the charge of unconstitutionality cannot be sustained.

Evidently what the Legislature had in mind and intended to prevent by the passage of local or private bills was the creation of villages by special charters, containing various powers, franchises and limitations beyond those specified in the general statute applicable to villages.

So far as the objection to the second or validating section of the act is concerned, I take it that the power of the Legislature to pass such an act is also unquestioned.   Such action on the part of the law-making power has long been recognized, and no good reason is shown why such power should not be present and exercised to cure any irregularity in statutory requirements.   (See *People ex rel. Dady* v. *Prendergast,* 144 App. Div. 308; *Wrought Iron Bridge Co.* v. *Town of Attica,* 119 N. Y. 204; *People ex rel. Village of Brockport* v. *Sutphin,* 166 id. 163, 172; *Ensign* v. *Barse,* 107 id. 329, 338; *People ex rel. American Ex. Nat. Bank* v. *Purdy,* 196 id. 270.)   The alleged defect or irregularity in the present case as pointed out by the plaintiff is that the petition for annexation was not signed by a majority of the inhabitants of the annexed territory, and was defective in other particulars.   Conceding that this is true, it is at most an irregularity and is not a jurisdictional defect.   (*Wrought Iron Bridge Co.* v. *Town of Attica,* 119 N. Y. 204; *Lennon* v. *Mayor, etc.,* 55 id. 361; *Matter of Rochester Trust & S. D. Co.,* 42 Misc. Rep. 581.)

As to the final point made against the bill, that it embraces more than one subject and subjects not expressed in the title, I

12

conclude that the charge hardly merits discussion. The authorities hold that an act need not in its title embrace *all* of its provisions. It is sufficient if the title properly expresses the general purpose of the bill so as to apprise the public of the matter affected thereby. (*City of Elmira* v. *Seymour*, 111 App. Div. 199; *Devlin* v. *Mayor*, 63 N. Y. 8; *People ex rel. Village of Brockport* v. *Sutphin*, 166 id. 163.) The defendants contend in this connection that the title of the act here clearly indicates a design to extend the boundaries of the village of Cornwall and that validating the proceedings already had would in a sense be one method of effecting such an extension, and that, therefore, it was well within the general purpose and object of the act as expressed in the title. This contention seems logical and should be sustained.

The defendants also call our attention to the fact that, even if the validating portion of the bill offends the Constitution (which they do not admit, nor do I believe), that portion of the act can be separated and eliminated and the rest of the statute made good. This had judicial sanction in the following cases, and in fact is almost elemental: *Parfitt* v. *Furguson* (159 N. Y. 111); *Bohmer* v. *Haffen* (161 id. 390); *New York & L. I. R. R. Co.* v. *O'Brien* (121 App. Div. 826; affd., 192 N. Y. 558) and *Hathorn* v. *Natural Carbonic Gas Co.* (194 id. 326). The plaintiff attempts to sustain the charges he makes against the act by citing several decisions, all of them, however, having been rendered in foreign States. He does not contend that the Constitution of these various States is similar to ours, and hence the decisions construing acts in reference thereto are not helpful. He also cites messages of some of our Governors when vetoing certain acts of the Legislature, but of course these are not controlling nor of use in the case under discussion, for the facts vary in each instance. The authorities in our own jurisdiction, submitted by the plaintiff, have to do with the point that the act is bad because it embraces more than one subject and because the subject is not expressed in the title. An examination of the cases fails to dislodge the conclusion which I have formed in this case, and hence I cannot read them as being strong enough to destroy the act complained of.

The conclusion I reach is that chapter 20 of the Laws of 1923 of the State of New York is constitutional, and, therefore, judgment is directed in favor of the defendants, with the costs and disbursements of the submission.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ.

Judgment unanimously directed in favor of the defendants, with costs and disbursements of the submission.