In the Matter of the Condemnation of Certain Lands for Park Purposes by Town of Tonawanda, Owned by Reflex Development Company, Buffalo Society of Natural Sciences.

Supreme Court, Erie County, August 30, 1926.

Towns — condemnation of lands for park purposes by town pursuant to Town Law, § 512-a — said section does not violate State Constitution, art. 1, § 6, or art. 3, § 16 — Town Law, §§ 474 and 512-a, not conflicting — petition is sufficient — appraisers appointed.

Section 512-a of the Town Law authorizing a town to acquire lands by condemnation for park purposes and providing for the appointment of appraisers is not unconstitutional as violative of section 6 of article 1 of the State Constitution because compensation must be made for land taken.

Said section does not violate section 16 of article 3 of the State Constitution because it is general and not local in character.

Sections 474 and 512-a of the Town Law are not conflicting for the first governs the town board in its ordinary business and the second affords a complete procedure and power independent of other sections whereby a town may acquire land for park purposes.

The petition for the appointment of appraisers is sufficient and they are appointed.

MOTION to appoint appraisers in condemnation proceedings.

*Frank C. Moore*, for the motion.

*Charles W. Strong*, opposed.

NOONAN, J.  This proceeding has been brought by the town board of the town of Tonawanda, N. Y., to acquire certain lands in said town for park purposes, pursuant to the provisions of section 512-a of the Town Law (added by Laws of 1923, chap. 795), and a motion is now made for the appointment of appraisal commissioners to fix the reasonable value of the land sought.

The Reflex Development Company, owner of the land desired for park purposes, opposes the motion on three grounds: (1) That the petition does not state facts sufficient to constitute a cause of action; (2) that petitioners have failed to comply with the provisions of sections 460 and 474 of the Town Law (as respectively amd. by Laws of 1925, chaps. 468, 469, and Laws of 1914, chap. 192), and (3) that said section 512-a is unconstitutional and void in that it violates section 16 of article 3 of the Constitution of the State of New York, and also because this proceeding is in violation of the rights guaranteed by section 6 of article 1 of said Constitution, and section 1 of the Fourteenth Amendment to the Constitution of the United States.

The objections will be considered in inverse order.  Said section 512-a is not in violation of section 16 of article III of the State Constitution because it is general and not local in character. (*Matter of Department of Public Parks*, 86 N. Y. 437; *Matter of Leake, etc., Orphan Home*, 92 id. 116, 120; *Sweet v. Buffalo, etc., R. Co.*, 79 id. 293; *Matter of New York*, 99 id. 569; *Willis v. City of Rochester*, 219 id. 427; *Matter of McAneny v. Board of Estimate*, 232 id. 377.)

Section 6 of article I will not be violated because compensation must be made for any land taken.  The provisions of the Constitution of the United States do not apply in this case.  (*Virginia v. Rives*, 100 U. S. 313; *Civil Rights Cases*, 109 id. 3.)

Said sections 474 and 512-a are not conflicting.  The first governs the town board in its ordinary business, and the other was passed to give the board additional power to acquire land for park purposes.  It provides a complete method of procedure independent of the other sections.  If there were any conflict section 512-a would be controlling because it was passed after section 474.  The title to the act is not controlling so long as the subject is completely covered in the body of the section.  (*City of Elmira v. Seymour*, 111 App. Div. 199.)

The petition shows sufficient grounds for the appointment of an appraisal commission.  So far there is nothing to show that the town board was not duly organized and empowered to institute this proceeding.  Until the contrary appears, the presumptions are all in favor of such due organization and authority to act.

(*Willis* v. *City of Rochester, supra.*) Therefore, the petitioner is entitled to have the appraisal commissioners appointed, and an order may be entered appointing William J. Hickey and Maurice M. Wall, of Buffalo, N. Y., and Lee W. Britting, of Williamsville, N. Y., commissioners to appraise the value of the property that is taken.