In the Matter of the Appeal to the County Court by THEODORE PURDY from the Refusal of School District No. 6 of the Town of Somers, Westchester County, to Pay his Claim against said District.

WILBUR HYNARD, one of the Inhabitants and Protectors of the Rights and Interests of School District No. 6, Town of Somers, Westchester County, Appellant.

THEODORE PURDY, Claimant, Respondent.

*Trustee of a school district — his claim for the amount of a judgment recovered against him — what may be considered on an appeal from an order of the county judge allowing it — Statute of Limitations applicable thereto.*

A trustee of a school district rebuilt a fence around the school yard pursuant to authority conferred upon him at a special school meeting, and was subsequently sued to recover the land inclosed by the fence. The action resulted in a judgment against the trustee, which he paid. Thereafter the trustee presented his claim for the amount of such judgment at a special school meeting, at which it was defeated. The trustee then gave oral notice that he would present it to the county judge for settlement, as provided by sections 5 and 6 of title 15 of the Consolidated School Law (Laws of 1894, chap. 556), and served notice upon the clerk of the school district, in pursuance of which a hearing was had before the county judge, who charged the claim upon the school district.

*Held,* that the court, on appeal from the order of the county judge, was not permitted to consider alleged irregularities in respect to the special meeting called to consider the claim, nor to consider collaterally the title of the clerk of the school district to his office, to which he had been elected, although it was claimed that he was ineligible;

That the mere fact that the claimant was not a trustee at the time of the meeting called for the purpose of considering his claim, did not affect the case;

That the Statute of Limitations did not begin to run until the claim had been audited and allowed in the manner pointed out by the statute;

That the purpose of the Consolidated School Law was to make the trustees of
school districts individually liable upon contracts entered into by them on
behalf of the district, and to require the school district in certain cases to
indemnify them.

APPEAL by Wilbur Hynard, one of the inhabitants and protectors
of the rights and interests of school district No. 6, town of Somers,
Westchester county, from an order of the county judge of West-
chester county, entered in the office of the clerk of the county of
Westchester on the 18th day of November, 1899, upon the ground
that the county judge of the county of Westchester and the said
County Court had no jurisdiction in the above-entitled matter.

The proceeding was instituted under chapter 556 of the Laws of
1894, and the order appealed from allowed the claim of Theodore
Purdy against school district No. 6, town of Somers, Westchester
county, New York.

*Francis Larkin*, for the appellant.

*H. R. Barrett*, for the respondent.

WOODWARD, J. :

The respondent, in March, 1889, was a trustee of school district
No. 6 of the town of Somers, Westchester county. He was duly
authorized by a special school meeting to rebuild a fence around
the school yard. In October of that year he constructed the fence.
Subsequently one Mary Wheelan brought an action against the
respondent and one Leonard Curry, to recover a part of the land
inclosed by said fence, which action resulted in a judgment in favor
of the plaintiff, including costs, for $109.12, which judgment was
paid by the respondent on the 10th day of April, 1893. On the
29th day of November, 1893, the respondent in the meantime hav-
ing ceased to be a trustee, a resolution was adopted at a school
meeting of said district directing the trustee to appeal the suit
involving the title to the schoolhouse lot, but the appeal was never
in fact taken. On the 5th of April, 1899, a special school meeting
of the said school district was called for the purpose of taking some
definite action in regard to respondent's claim, and although it is
urged by the appellant that this meeting was irregular in many
respects, the alleged irregularities were never brought up for review

in the manner pointed out by section 1 of title XIV of chapter 556 of the Laws of 1894, known as the Consolidated School Law, and we are of the opinion that they cannot be passed upon by this court. At this meeting a verified claim was presented by the claimant, and a resolution ordering the trustee to pay said claim was defeated. The responuent thereupon gave oral notice that he would present his claim to the county judge for settlement, as provided by sections 5 and 6 of title XV of the Consolidated School Law, and on the 8th of April, 1899, notice was served upon a person who had been elected to the office of district clerk, but who is alleged to have been ineligible to the office, that the claimant would appeal to the county judge. The matter was heard by the county judge, who, after various adjournments, granted an order charging respondent's claim upon the school district. This appeal comes from the order, and the school district urges that the county judge was without jurisdiction and that the whole proceeding is contrary to law.

The school district neglected to appeal from the action of the school meeting to the Superintendent of Public Instruction, and we are not permitted to enter into a review of the alleged irregularities (§ 1, tit. XIV, Consolidated School Law), nor will this court consider collaterally the title of the district clerk to his office. He had been chosen to the position, and the presumption is that he was the clerk of the district; he was at least clerk *de facto*, and the rights of the respondent cannot be made to depend upon the legal status of the person who was acting as clerk. The meeting and its proceedings being regular, and in conformity with the statute, as we must assume under the facts presented, there is no question as to the jurisdiction of the county judge. The mere fact that the relator was not a trustee at the time of the meeting of April fifth does not affect the case. The claim arose out of his action as trustee of the school district, and he is clearly within the intent of the statute which undertook to provide for the reimbursement of those who had acted in behalf of the school district in good faith, and who had been made liable for costs, charges and expenses.

The suggestion that the claim is outlawed is likewise without force. No obligation rests upon the district to indemnify the trustee for costs, charges or expenses until a district meeting shall have

found in favor of the claim and voted that a tax be assessed for its payment, or unless on appeal to the county judge from the refusal to vote a tax, it shall be decided that the account in whole or in part ought justly to be charged on the district.

The scheme of the statute is to make the trustees of school districts individually liable upon contracts entered into in behalf of the district. For the purpose of the remedy by action they are treated as the individual contracts of the trustees. The district in certain cases is bound to indemnify the trustees. But the district owes no duty to the trustees to pay the costs of the litigation carried on without its direction until they shall have been audited and allowed in the manner pointed out by the statute. (*People ex rel. Wallace* v. *Abbott*, 107 N. Y. 225.)

The Statute of Limitations, assuming the question to have been properly raised, could not run against the claim of the respondent, because the district did not owe him anything until the provisions of the Consolidated School Law had been invoked and complied with. He could not have an action at law to collect the claim, and it was discretionary with the school district or the county judge to make the claim effective.

The order appealed from should be affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.