hotel company of a part of the public street at a rental, as shown by the proof, of over two hundred dollars a month. Contracts in violation of the ordinances are invalid. Burger v. Koelsch, 77 Hun, 44, 28 N. Y. Supp. 460. The contract in suit cannot be enforced in equity.

A decree should be entered accordingly.

(68 Misc. Rep. 538.)

AUSTIN v. BOARD OF TRUSTEES OF SCHOOL DIST. NO. 5 OF TOWN OF BABYLON, SUFFOLK COUNTY, et al.

(Supreme Court, Special Term, Suffolk County. August, 1910.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 50*)—MEETING OF INHABITANTS—NECESSITY OF NOTICE.

Under Laws 1910, c. 140, § 197, a meeting of the inhabitants of a school district without personal notice on any inhabitant of the district, where no resolution changing the mode of notice has been adopted at any annual meeting, is irregular.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 113–125; Dec. Dig. § 50.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 50*)—MEETING—NECESSITY OF NOTICE.

Laws 1910, c. 140, § 200, providing that proceedings of no district meeting shall be held illegal for want of due notice, unless the omission to give such notice was willful or fraudulent, does not validate a meeting held without notice to any of the inhabitants.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 113–125; Dec. Dig. § 50.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 111*)—TAXATION—REMEDIES OF TAXPAYER.

The right to subject the property of the inhabitants of a school district to a tax, and the determination of the validity of meetings for that purpose, has not been exclusively delegated to the head of the department of education by Laws 1910, c. 140, § 880, but a party aggrieved can enforce any legal right in the courts.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 265–268; Dec. Dig. § 111.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 67*)—UNAUTHORIZED MEETING—CONSTRUCTION OF SCHOOLHOUSE—AUTHORITY OF TRUSTEE.

Where a meeting was called without legal notice to any of the inhabitants of a school district, a vote at such meeting for the construction of a schoolhouse gave the trustees of the district no power to issue bonds or award contracts therefor.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 168, 169; Dec. Dig. § 67.*]

Action by Arthur S. Austin against the Board of Trustees of School District No. 5 of the Town of Babylon, Suffolk County, and others. On motion to continue temporary injunction. Granted.

Sidney H. Swezey, for the motion.

Frank T. Wells, opposed.

PUTNAM, J. The trustees of school district No. 5 in Babylon, which is a common school district, issued a notice of a special meeting of the district inhabitants (stated to be over 100 in number), for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purpose of deciding whether or not to erect a new schoolhouse. This notice of a meeting to be held on the 6th of July, at 7:30 p. m., was delivered to the clerk, who made no personal service thereof on any inhabitant of the district, but posted it in only three places—one on the corner of Merrick road and Copiague road, one on the schoolhouse door, and one in the Copiague post office. On July 6th, at the special meeting a vote was passed by a majority present, authorizing the construction of the new schoolhouse and empowering the trustees to employ an architect to prepare plans therefor. This action is brought by a taxpayer to restrain the defendant from issuing bonds and proceeding to award contracts for the building of this new schoolhouse.

Under the present education law (section 197), notice of a special district school meeting is to be served upon each inhabitant of the district qualified to vote at district meetings, at least six days before the day of the meeting, in the manner prescribed by section 191, which directs personal service, or the leaving of a copy of such notice at the voter's place of abode. Laws 1910, c. 140. There is, however, a qualification that a district at an annual meeting may adopt some other mode of giving notice of special meetings. According to the affidavit of the district clerk, at a special meeting held in this district between August, 1902, and August, 1904, for the purpose of voting on the exchange of school sites, notice of such meeting was served upon all the inhabitants of said district, and no resolution changing the mode of notice has been adopted at any annual meeting. It seems plain that the special meeting of July 6th was irregular and without proper notice.

Reference is, however, made to section 200 of the education law, which provides:

"The proceedings of no district meeting, annual or special, shall be held illegal for want of a due notice to all the persons qualified to vote thereat. unless it shall appear that the omission to give such notice was willful and fraudulent." Laws 1910, c. 140, § 200, re-enacting Laws 1909, c. 21, § 90. which re-enacted a like provision in the former school law (Laws 1894, c. 556, tit. 7, § 8).

Clearly, it is not the purpose of this provision to validate a meeting, of which no legal notice has been given to any inhabitant. This proviso is to meet what would otherwise be an insuperable difficulty, namely, a failure to serve a notice upon every person qualified to vote. Hence, if service is made on a large number of the inhabitants, and yet *all* are not served, this omission shall not invalidate the proceedings of the meeting, unless such failure was willful and fraudulent. The Legislature cannot be deemed to have intended by this section to nullify the careful and precise provisions for notice to the inhabitants of school districts in case of special meetings.

The jurisdiction of this court is denied, because the education law authorizes an appeal to the Commissioner of Education. Laws 1910, c. 140, § 880, re-enacting Laws 1909, c. 21, § 360, which re-enacted Laws 1894, c. 556, tit. 14, § 1. The State Commissioner of Education (formerly styled the Superintendent of Instruction) is made the head of a great department, having under his supervision the schools of the state, with a control extending to nearly 11,000 school districts, and

over more than 30,000 school officers. People ex rel. Woodward v. Draper, 67 Misc. Rep. 460, 465, 124 N. Y. Supp. 758. His power of regulation, even to remove school trustees, is a recognized part of the system of highly centralized power intended to promote the efficiency of state education. But the right to subject the property of the inhabitants to a tax, and the determination of the validity of meetings for that purpose, has not been exclusively delegated to the head of the department of education. This appeal to him is rather in relation to the management of the system, the personnel, conduct, and salaries of the officials, than to settle legal questions of taxation.

Although in Matter of Purdy, 56 App. Div. 544, 67 N. Y. Supp. 642, Mr. Justice Woodward stated that irregularities at a school district meeting should be reviewed by appeal to the Superintendent of Public Instruction, an examination of that record shows that the irregularities there complained of were informalities at the meeting itself, and not the omission of notice to the inhabitants. The same justice, however, in People ex rel. Underhill v. Skinner, 74 App. Div. 58, 61, 77 N. Y. Supp. 36, 38, declared that:

"The party who feels himself aggrieved, if he has a clear legal right, may no doubt enforce it in the courts."

While it is not shown that any person in the district and entitled to vote failed to have knowledge of this school meeting, and the minutes record that 41 persons attended, and the failure to give the proper notice was neither willful nor fraudulent, still there was no basis for this special meeting without the required statutory notice. Although the trustees have proceeded in good faith and attempted to secure plans and specifications for the schoolhouse, yet this vice in the notice is not thereby cured. To deny the injunction would leave open a grave and fatal error, by which the value of the bonds, if issued, would be seriously affected. It is, therefore, better that the procedure be halted, and a new meeting called, rather than now attempt a sale of bonds.

My conclusion, therefore, is that the proceedings at the so-called special meeting are void for want of statutory notice, and that the temporary injunction heretofore granted should be continued pending the trial.

Ordered accordingly.