In the Matter of the Application of RICHARD G. MILLER and Others,
Petitioners, for a Certiorari Order, v. SEABURY S. GOULD and
HERMON A. CARMER and Others, Petitioners, as Commissioners
of Education of the Seneca Falls Union Free School District,
Respondents.

Supreme Court, Seneca County, July, 1923.

Certiorari — Education Law — taxation — jurisdiction of the Supreme
Court — action taken at meeting of union free school district declared
void — statutes — order made that records of meeting be certified to
the court.

A statutory requirement must be strictly followed if acts done pursuant to its
authority are to be sustained.

At an annual meeting of the Seneca Falls union free school district the several
items of the budget, amounting to upwards of $80,000, with the authorization
of a tax levy therefor, were voted upon separately by a *viva voce* vote and were
declared by the chairman to have been adopted. *Held*, that the vote not
having been taken "by ballot, or ascertained by taking and recording the
ayes and noes of such qualified voters attending and voting at such district
meeting," as required by section 207 of the Education Law, the attempted
action of the school meeting in the premises was wholly void and ineffective.

Although a decision of the commissioner of education is not subject to judicial
review so far as it pertains to the administration of the educational system,
and but incidentally, if at all, affects property rights, yet the courts in the
absence of express statute still retain and will exercise full jurisdiction in all
matters outside the general policy, administration and control of the educational
system where it conflicts or interferes with the rights and interests of the people.

As the question here relates entirely to taxes and taxation and affects all the
property owners, whether present at the meeting or not, they were entitled to
have their rights in the matter determined by the courts instead of by the
commissioner of education, whose judicial functions are only *quasi*.

Application for an order of certiorari that the commissioners of education of the
said school district certify to the court the record of the said meeting granted
upon the proceedings being amended as petitioners may be advised.

APPLICATION for certiorari.

*Ernest G. Gould,* for petitioners.

*William S. MacDonald,* for respondents.

SAWYER, J.   This is an application for a certiorari order that the
respondents certify to the court the record of the annual meeting
of the Seneca Falls union free school district, held May 1, 1923,
to the end that the legality of certain of its acts may be inquired
into.   The petition alleges that the meeting in question was legally
called and was organized by the election of the respondents Gould
and McGuire as chairman and clerk respectively.

While such organization is not specifically stated to have been

either duly **or** legally effected, the petition as a whole seemingly admits such to have been the case, and is undisputed in that regard, except that Blanchard N. Baker is said to have been elected clerk of the meeting and that Miss McGuire's only participation was to take its proceedings stenographically.

The actual controversy is over the adoption of the budget, amounting to $80,000 and upwards, the several items of which, with the authorization of a tax levy therefor, were voted upon separately by a *viva voce* vote and were declared by the chairman to have been adopted.

Section 207 of the Education Law provides that " in all propositions arising at said district meetings, involving the expenditure of money, or authorizing the levy of taxes, the vote thereon shall be by ballot, or ascertained by taking and recording the ayes and noes of such qualified voters attending and voting at such district meeting."

The legislative intention to surround all money appropriations by such safeguards is emphasized by section 467 of the same law, which provides for the making of certain specified appropriations in the same manner at *any* annual or special school district meeting.

The object is, of course, to prevent non-qualified voters from imposing tax burdens upon their more fortunate neighbors, and the complaint is here made that by the unlawful procedure adopted, persons not qualified to vote were permitted to do that very thing. Practically the only defense offered to the motion is that no harm was done; that the appropriations were made by an overwhelming majority of the duly qualified voters present, and that the objection now advanced is purely technical and should be ignored. With this I do not agree.

Taxation is in reality an appropriation of private property for public purpose, which can only be done by " due process of law." In this instance that due process provides that only a certain selected class of voters may participate in such appropriations, and then only in such manner that their legal qualifications may upon demand be challenged and tested, either as a preliminary to the casting of such vote or upon a review later had.

Compliance therewith is not had by an illegal appropriation later fortified by testimony *aliunde* that a majority of those participating were entitled to vote. A statutory requirement must be strictly followed if the acts done pursuant to its authority are to be sustained and any tax levied for the budget in question would be open to successful attack by any and all whose names appeared upon its roll.

Supreme Court, July, 1923.        [Vol. 121

Because of these considerations the attempted action of the school meeting in the premises must be held wholly void and ineffective.

A more serious question is presented when the remedy for such illegal action is sought. In this state it is a settled governmental policy that all questions of school administration and methods shall be determined by the commissioner of education and that his decision is not subject to review by the courts so far as it pertains to such administration and but incidentally, if at all, affects property rights. *Lewis* v. *Smith*, 109 Misc. Rep. 694, and cases there cited; affd., 190 App. Div. 884; *Bullock* v. *Cooley*, 225 N. Y. 566; *People ex rel. Hylan* v. *Finegan*, 227 id. 219–224. This delegated power in the commissioner is not, however, general and unlimited. In order to oust the courts of their normal jurisdiction, it is not enough that the schools or the school system are more or less involved; in all matters outside its general policy, administration and control, where the educational system conflicts or interferes with the rights and interests of the people, in the absence of express statute to the contrary, the courts retain and will exercise full jurisdiction. *Matter of McCarthy* v. *Board of Education*, 106 Misc. Rep. 193; *People ex rel. Hylan* v. *Finegan, supra.* Respondents rely, however, upon section 890 of the Education Law as conclusively vesting all authority in the premises upon the commissioner and insist that because of its provisions this proceeding cannot be sustained. With minor additions that section is a re-enactment of section 360 of chapter 21 of the Laws of 1909, and is of the same general quality and purpose as a preceding section of the Education Law (304). Generally these sections provide that any dispute or grievance arising out of the election, or other action had at school meetings, shall be referred to the commissioner for final adjudication. This, however, presupposes a meeting legally called and an election or other action had according to the forms of law but out of which has arisen a dispute or grievance concerning power, duties or result. That which has no legal inception whatsoever is not within the intent of the statute; for such matters the remedy of the courts may be still invoked. Thus it has been held that a tax legally voted at a meeting illegally called is within the excepted class and that a party aggrieved thereby may enforce his clear, legal right, if he have one, in the courts. *Austin* v. *Board of Trustees*, 68 Misc. Rep. 538.

In what respect does a tax illegally voted at a meeting legally called differ from a tax legally voted at a meeting illegally called, or upon what surer foundation does it stand? The question here presented does not relate, except incidentally, to the control,

policy, administration or discipline of the schools or educational system. It relates entirely to taxes and taxation, and effects all property owners, whether present at the meeting or not in their underlying rights; rights which they are entitled to have determined by the established tribunals of the land instead of by a public official whose judicial functions are, at the best, only *quasi*.

The proceedings may be amended, as petitioners may be advised, as to the clerk of the meeting, and order for certiorari may issue as prayed for.

Ordered accordingly.