FRANKLIN FORD, Plaintiff, *v.* WILLIAM J. O'SHEA, as Superintendent of Schools, etc., and Others, Defendants.*

Supreme Court, New York County, November 6, 1929.

*Walter Fairchild*, for the plaintiff.

*Arthur J. W. Hilly, Corporation Counsel [William E. C. Mayer* of counsel], for the defendants.

INGRAHAM, J. In this action the plaintiff, one Franklin Ford, suing as a " citizen, resident and elector " of the city of New York,

a resident of the borough of Queens and a " taxpayer " of New York city, is attempting to restrain and enjoin the defendants and particularly the defendant board of education and its chief executive officer, the defendant O'Shea, from leasing and conducting public school classes in premises owned by the defendant churches and the Franciscan Order. The motions heard by me are: One by the defendants to dismiss the complaint; the other by the plaintiff for a temporary injunction. The board of education is a branch of the State government and an agency thereof, charged by the State with the administration of its educational system. (*Ham* v. *Mayor, etc., of N. Y.*, 70 N. Y. 459; *Gunnison* v. *Board of Education*, 176 id. 11; *Schieffelin* v. *Komfort*, 212 id. 520; *Smith* v. *Board of Education*, 208 id. 84; *Matter of Hirshfield* v. *Cook*, 227 id. 297.) In the case last cited Judge CHASE states the law as established by the Court of Appeals as follows: " The board of education in the city of New York, speaking in general terms, stands as a substitute for the latter as a corporate agency of the State for the purpose of administering educational matters (*Smith* v. *Board of Education, supra*)." As such administrative agency, the board and its officers are performing a State and not a city function and against them no taxpayer's action under section 51 of the General Municipal Law will lie. The case of *Schieffelin* v. *Komfort* (212 N. Y. 520, 527) is controlling and conclusive on this point. There the Court of Appeals in answer to the question whether a taxpayer can maintain an action to enjoin the board of elections of the city of New York says: " To bring the case within either statute (sec. 51 of the General Municipal Law, or sec. 1925, Code of Civil Procedure) the act sought to be enjoined should in some manner affect the estate funds or property rights of the municipality * * *. There is no other statute expressly permitting an individual taxpayer to sustain an action to test the constitutionality of an act of the Legislature without showing that his civil or property rights are specially and particularly affected and in which he demands and is entitled to relief based upon his rights." The commissioners of the sinking fund of the city of New York have likewise been made parties defendant because the sinking fund commission passed upon leases made by the board of education, although there seems to be much doubt as to whether their approval of the lease is necessary. At any rate and without deciding whether the sinking fund commission is a proper party to this action, there is no showing on the merits of this case that plaintiff is entitled to the relief sought or to any injunctive order. It is nowheres pleaded, and in fact on the argument plaintiff, through his attorney, affirmatively stated that the curricula of studies

followed in the classrooms referred to in this action are identical with those followed in other public school classrooms throughout the city, and the teachers presiding over the classes are public school teachers. It was furthermore admitted on behalf of the plaintiff that in none of the classrooms covered by the leases here in question are there any pictures, statues or other paraphernalia pertaining to or connected with any religious group, congregation or sect. The cases cited by the plaintiff are not authority for the proposition that upon the facts existing in this case the defendant board of education or its superintendent can be said to be violating section 4 of article 9 of the New York State Constitution. That section prohibits public money to be used in aid or maintenance of any school or institution of learning wholly or in part under the control or direction of any religious denomination. In the present case the facts alleged in the complaint, as well as the facts in the affidavits of plaintiff's attorney, fail to substantiate the charge that the board of education in the city of New York is using or attempting to use any public moneys to aid or maintain the schools of any religious denomination, or that they are doing anything except providing suitable and proper classrooms for the children attending public schools to the end that those children may receive all the benefits of the public school system to which they are entitled. Motion for temporary injunction is denied. Motion to dismiss the complaint is granted. Order signed.