In the Matter of the Application of MARY R. BYRNE GOLDEN, Petitioner, for an Order against WILLIAM S. H. HAMILTON and Others, as Members of and Constituting the Board of Education and Trustees of Union Free School District No. 1 of the Town of Mamaroneck, Westchester County, State of New York, and Others, Respondents.

Supreme Court, County of Westchester, June 22, 1939.

*C. Donald Richards* [*Edward H. Tatum* of counsel], for the petitioner.

*Joseph F. Curren*, for the respondents.

PATTERSON, J. This proceeding is brought under article 78 of the Civil Practice Act to review the validity of the act of the school district in adopting the budget. The respondents challenge the jurisdiction of the court as well as the sufficiency of the petition.

The controversy revolves around the annual school district meeting of the town of Mamaroneck when the budget involving the expenditure of money for a tax levy was submitted for adoption.

It is conceded that the meeting was irregular, in particular that the vote on the adoption of the budget was not taken either by " aye " or " no " vote or by ballot as required by section 207 of the

Education Law. That section provides, on propositions to expend money, the vote shall be taken by ballot or ascertained by taking and recording the " ayes " and " noes " of such qualified voters attending and voting at a district meeting. Concededly there was no attempt to do so, so it stands for all practical purposes that the adoption of the budget was irregular and not in accordance with the statutory requirements therefor.

As to the items of the budget which are challenged as being illegal, it is probably unnecessary to discuss them if the vote adopting the budget was in itself illegal.

As to the jurisdiction of the court to entertain the proceeding. The respondents contend that the Commissioner of Education has sole jurisdiction to review the action taken at the school meeting and the right to appeal to the Commissioner of Education bars this ,proceeding, under the provisions of subdivision 4 of section 1285 of the Civil Practice Act.

Notwithstanding the apparent conflict in the reported decisions as to the exclusive jurisdiction of the Commissioner of Education to review, it is my opinion that this court has jurisdiction to entertain this proceeding. Generally speaking, the Commissioner of Education has exclusive jurisdiction as to all matters controlling policy, administration or intradepartmental disputes, but not in matters involving a tax levy or third parties not connected with the Education Department. There the Supreme Court retains jurisdiction. The power of the Commissioner is regulatory, but the right to subject the property of the inhabitants to a tax and a determination of the validity of meetings for that purpose has not been delegated exclusively to the head of the Department of Education. (See *Austin* v. *Board of Trustees*, 68 Misc. 538.)

*Matter of Miller* v. *Gould* (121 Misc. 270) was a case quite in point. There, at the annual meeting of the school district the several items of the budget were voted upon separately by a *viva voce* vote and declared by the chairman to have been adopted. The vote not having been taken by ballot or ascertained by taking and recording the ayes and noes of the qualified voters, the attempted action of the school meeting was held wholly void and ineffective. There the respondents, as here, relied upon section 890 of the Education Law as exclusively vesting all authority in the premises in the Commissioner, and the court said that there is a distinction between " a tax illegally voted at a meeting legally called " and " a tax legally voted at a meeting illegally called," and goes on to say: " The question here presented does not relate, except incidentally, to the control, policy, administration or discipline of the schools

or the educational system. It relates entirely to taxes and taxation and affects all property owners whether present at the meeting or not in their underlying rights; rights which they are entitled to have determined by the established tribunals of the land instead of by a public official whose judicial functions are, at the best, only *quasi.*" The court further said: " That which has no legal inception whatsoever is not within the intent of the statute; for such matters the remedy of the courts may be still invoked." Of the same purport is *Matter of Moses* v. *Board of Education* (127 Misc. 477); *Matter of Denering* v. *Board of Education* (130 id. 759); *People ex rel. Hylan* v. *Finegan* (227 N. Y. 219); *Matter of Crispell* v. *Rust* (149 Misc. 464).

The respondents seem to take the position or assume that the instant proceeding is a taxpayer's action under section 51 of the General Municipal Law. It certainly is not, but it is brought to effect the same relief or remedy, namely, to prevent waste. But even if it were a taxpayer's action under section 51 of the General Municipal Law the proceeding would still be good by reason of the recent decision in *Judd* v. *Board of Education* (278 N. Y. 200), in which it was held that a school district is a municipal corporation and the board of education a body corporate and an action may be brought by a taxpayer to restrain illegal official acts to prevent waste and compel restoration of the taxpayer's property by illegal action of the board.

It is my conclusion that this court has jurisdiction to entertain this proceeding, and the objections raised to the jurisdiction must be dismissed.

My attention has been called to the possible serious consequences to the taxpayers of the district should the position of the petitioners be upheld. Having that in mind, I consulted with the attorneys for the parties with a view to compromising their differences, especially because I could not see any resulting damage to the taxpayers by reason of the illegal method by which the budget was adopted. To declare the budget illegal will mean that the board will have to certify the budget without the approval of the taxpayers under the authority granted to it by section 325 of the Education Law and then carry the present litigation to the last resort. However, my efforts to reach an amicable adjustment of the matter were futile. As usual in these cases, the personal element enters and with it much uncalled for and unjustifiable hostility and pride of position. Were I to deny at this time the redress sought by the petitioner it might easily result in taxpayers' actions being brought to enjoin the collection of taxes that might be levied to defray the

cost of the items set forth in the budget. This would only lead to confusion worse confounded.

I am compelled to hold that the respondents' motion to dismiss should be denied and the petitioner should be granted the relief sought, to wit: That the proceedings of the district meeting of said Union Free School District No. 1, held on the 2d of May, 1939, and the adoption thereat of the school budget for the years 1939–1940 is illegal and void.