DOUGLAS K. WARNER, Plaintiff, *v.* JOSEPH J. HOFFMAN et al., Defendants.

Supreme Court, Special Term, Schuyler County, December 11, 1942.

*A. H. Harpending* for Watkins Salt Company, defendant, for motion.

*Ellison & Ellison* for Joseph J. Hoffman et al., defendants, for motion.

*Judson R. Hoover* for plaintiff, opposed.

PERSONIUS, J. The complaint alleges that the individual defendants are the supervisors of Schuyler county; that the plaintiff is a taxpayer; that the supervisors paid to the defendant, Watkins Salt Company, here called the Company, one thousand dollars as damages for taking a parcel of land "for the reconstruction of a portion of the Watkins-Bennetsburg State Highway No. 5295;" that the Company received said sum from the county; that the said parcel " was and had been at all times the property of the State of New York, and that the said Watkins Salt Company had no interest " therein; that said payment was illegal and without authority and in derogation of the rights of the plaintiff and other taxpayers. It demands judgment against the defendants for one thousand dollars and interest.

On this motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action, we must take all the allegations as true. We cannot and do not pass on the merits of the action.

The action is brought under section 51 (all references are to the General Municipal Law [Cons. Laws, ch. 24] unless otherwise stated) which provides in part that " All officers [and] agents * * * acting, or who have acted, for and on behalf of any county * * * or municipal corporation of this state, * * * may be prosecuted, and an action may be maintained against them to prevent any illegal official act * * * or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county * * * or municipal corporation * * *."

Plaintiff's position is that the said payment to the Company was illegal and without authority because it was for land which the Company did not own but which was owned by the State.

The defendants say that as the " Board of Supervisors " are required by section 30 of the Highway Law (Cons. Laws, ch. 25) to provide " the requisite right of way " for a State highway, the acquisition of such right was not a county function but a sovereign function imposed upon the supervisors by sovereign authority, viz., the State. The defendants further argue that section 51 does not give an action against the supervisors (county officials) when acting in such governmental capacity, performing a duty imposed upon them by the sovereign as distinguished from a county duty or function.

Where officers or agents of any municipal corporation, as defined in section 2, are not expending, or have not expended or wasted or injured corporate " property, funds or estate," this

is true. (*Schieffelin* v. *Komfort*, 212 N. Y. 520, 528; *Matter of Reynolds*, 202 N. Y. 430; *Lorillard* v. *Town of Monroe*, 11 N. Y. 392.) *County of Albany* v. *Hooker* (204 N. Y. 1), cited by defendants, held only that a *county* could not sue under section 51. The court did say at pages 9–10: " The State, in the exercise of its sovereign power, has done so in part by dividing its territory into counties and imposing upon them certain governmental and political powers and duties. * * * In the exercise of such powers * * * the counties are mere agents of the State and component parts of it. They [counties] are not, in the exercise of such authority, subject to suit any more than the State itself * * *." In the present case the county is not being sued, but its individual officers are.

*In none of the above cases was there any waste or injury to or effort to restore or make good any property, funds or estate of the county.* In the case of *Schieffelin* v. *Komfort* (*supra*) the court said at page 528: " To bring the case within * * * [§ 51] the act sought to be enjoined should in some manner affect the estate, funds or property rights of the municipality." In *Matter of Reynolds* (*supra*), at page 440, the court used the same language and also said, at page 441: " It is not alleged in the complaint that elections, whether primary or general, will cost any greater sum under the new apportionment than under the old apportionment." In that case there was no allegation that the property of the municipality would be wasted or affected. In the present case there is a direct allegation that moneys of the county have been illegally disbursed.

It must be borne in mind that the Board of Supervisors in acquiring a right of way for a State highway. negotiates the purchase or condemns, and pays the purchase price with county funds and takes title in the county, thereby acquiring the fee. (*Thompson* v. *Orange & Rockland Electric Co.*, 254 N. Y. 366; *Matter of County of Delaware* v. *Wakeman*, 168 Misc. Rep. 644.)

Assuming, but not holding, that the supervisors in acquiring this right of way were performing a sovereign duty and acting for the State, we think they were, nevertheless, subject to action under section 51. Where " officers " or " agents " expend no moneys, commit no waste of municipal property, funds or estate, they do not come within section 51; but, if they do, they seem to come within that section and may be sued thereunder, though performing a State function. (*Lewis* v. *Board of Education*, 258 N. Y. 117; *Judd* v. *Board of Education*, 278 N. Y. 200, 203; *Matter of Golden* v. *Hamilton*, 171 Misc. Rep. 1039, 1041.) In these cases the courts recognized that boards of edu-

cation are State agencies, but held that a board of education is an *agent* of the city and as such liable under section 51. In *Lewis* v. *Board of Education* (*supra*) the court dismissed the complaint for an injunction *because the purchases had already been made,* and consequently there was " no waste to be enjoined," but held that the action was properly brought under section 51, saying at pages 122–123: " The Board of Education is a corporation created by the State Legislature for the purpose of enforcing a State function   *   *   .*.   Section 51 of the General Municipal Law cannot, *in the absence of waste or illegal expenditure,* be used to enjoin the educational functions of the State." . (Italics supplied.)   Again at page 119: " Although the Board of Education   *   *   * is a separate and distinct corporation from the municipality itself and is in effect a State agency for carrying out and enforcing our educational system   *   *   *, and in this respect its officers and agents are performing State as distinguished from city functions   *   *   *, yet the Board expends the city's moneys raised by taxation   *   *   *."   The board was held to be an " agent " of the city, while in the present case the supervisors are " officers " of the county.   Both, therefore, come within section 51.   In *Judd* v. *Board of Education* (*supra*), at page 203, the court said: " An action may be brought by a taxpayer to restrain illegal official acts, to prevent waste and compel restoration of the taxpayer's property by illegal action of the board."

A county clerk acting as court clerk is a State officer, but in appointing a deputy clerk he renders himself liable under section 51.   (*Olmsted* v. *Meahl,* 219 N. Y. 270.)   In *Ford* v. *O'Shea* (136 Misc. Rep. 921; affd., 228 App. Div. 772) the plaintiffs sought an injunction.   The court held that an action under section 51 would not lie but said: " To bring the case within   *   *   * [§ 51] the act sought to be enjoined should in some manner affect the estate, funds or property rights of the municipality."

In the present case, assuming the supervisors to have acted as State officers, the complaint alleges illegality and waste by the payment of county funds to the Company for land it did not own.   (*Rice* v. *Glens Falls Publishing Co.,* 86 Misc. Rep. 503.) We think it states a cause of action.

Motion denied with costs to abide the event.