### In re HEMENWAY.

(Supreme Court, Appellate Division, Third Department. September 15, 1909.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 69*)—LOCATION OF SCHOOLHOUSE SITE —WRITTEN RESOLUTION—NECESSITY.

    The requirement of Laws 1894, pp. 1214, 1219, c. 556, whether the district be a new one and the schoolhouse site designated in pursuance of title 7, art. 1, § 14, subd. 7, or whether the district be an old one to which title 7, art. 2, § 19, is applicable, that a new site be chosen by a written resolution, in which it is described by metes and bounds, is not met by an entry in the minutes of the clerk.

    [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 174; Dec. Dig. § 69.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. SCHOOLS AND SCHOOL DISTRICTS (§ 69*)—SCHOOLHOUSE SITE—CONSENT OF
SCHOOL COMMISSIONER.

The consent of the school commissioner to a new schoolhouse site, re-
quired by Laws 1894, p. 1219, c. 556, tit. 7, art.. 2, § 19, is a consent to a
change to a specific location; and letters indicating an opinion by him
that a change was desirable are insufficient.

[Ed. Note.—For other cases, see Schools and School Districts, Cent.
Dig. § 174; Dec. Dig. § 69.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 69*)—SCHOOLHOUSE SITE—CONSENT OF
SCHOOL COMMISSIONER.

Where, though a school district had been altered nine years before, at
least two school commissioners had been elected since that time, it can-
not be fairly claimed to be a new and not an old district, within Laws
1894, p. 1219, c. 556, tit. 7, art. 2, § 19, requiring the consent of the school
commissioner in an old district to a change in the schoolhouse site.

[Ed. Note.—For other cases, see Schools and School Districts, Cent.
Dig. § 174; Dec. Dig. § 69.*]

4. EMINENT DOMAIN (§ 251*)—PROCEEDINGS TO CONDEMN—RIGHT TO REVIEW.

A proceeding to condemn land for a schoolhouse site cannot be sustain-
ed, on appeal of the landowner, on the ground that his remedy is an ap-
peal under the school law (Laws 1894, p. 1183, c. 556), where the statutory
requirements to authorize a condemnation have not been met.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 251.*]

Application by Calvin T. Hemenway as sole trustee, etc., to condemn
for a school site lands owned by John M. Schoonmaker and others.
From the final order and judgment for the trustee, Schoonmaker and
others appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG,
COCHRANE, and SEWELL, JJ.

Henry D. Merchant (Roland B. Sanford, of counsel), for appellants.
Noah H. Browning, for respondent.

SMITH, P. J. In the notice of appeal the appellant has given no-
tice of his intention to review the judgment of condemnation. His
contention is that the conditions prescribed by the law to authorize
the condemnation of his property have not been complied with. By
chapter 556, pp. 1214, 1219, of the Laws of 1894, whether the dis-
trict be a new one and the site be designated in pursuance of sub-
division 7, § 14, tit. 7, art. 1, of that chapter, or whether the district
be an old one to which section 19, art. 2, tit. 7, is applicable, the
requirement of the law is that the new site must be chosen at a spe-
cial meeting called for such purpose, and must be chosen by a writ-
ten resolution, in which the proposed site must be described by metes
and bounds. It seems clear that no such proceeding was taken at the
special meeting, at which the defendant's property is claimed to have
been designated as the site for the schoolhouse. A notice was sent out,
which contained a description of three sites which were to be consider-
ed at the special meeting. There was no written resolution offered for
the adoption of the site in question. The only evidence of its adoption
is the entry in the minutes of the clerk. If such an entry were all that
the Legislature deemed necessary, the requirement of the statute that
the site be chosen by a written resolution would hardly have been made.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Nor has the respondent here the consent in writing of the school commissioner, as required by section 19 of the statute. Some letters were produced which indicate an opinion on the part of the school commissioner that a change was desirable. The consent required by the statute, however, is a written consent to a change to a specific location. No such consent appears in the papers.

To avoid the force of this objection it is claimed that this is a new district, and therefore the consent of the school commissioner is not required. It is true that the district was altered some nine years before. At least two school commissioners have been elected since that time, and this cannot be claimed within a fair construction of the statute, to be the designation of the site for a new district.

The respondent cannot sustain this proceeding upon the ground that the remedy of the landowner is an appeal under the school law. In order to take appellant's property by right of eminent domain, the school authorities must comply with the conditions the statute prescribes, and until then the landowner may legally object to the condemnation of his property.

Without considering other objections made to this judgment, the final order and judgment, for the reasons stated, must be reversed, the referee discharged, and a new trial granted, with costs to appellant to abide the event.

Final order and judgment reversed on law and facts, referee discharged, and new trial granted, with costs to appellant to abide event. All concur.