# THE

# MISCELLANEOUS REPORTS

OF THE

# STATE OF NEW YORK.

COMMENCING OCTOBER, 1919.

PEOPLE ex rel. FRANKLIN MILLS COMPANY, Relator, *v.* LEWIS D. COLLINS and Others, as Members of and Comprising the Board of Education of Union Free School District No. 2 of Batavia, Genesee County, N. Y., Respondents.

PEOPLE ex rel. WIARD PLOW COMPANY, Relator, *v.* Same Respondents.

PEOPLE ex rel. BATAVIA RUBBER COMPANY, Relator, *v.* Same Respondents.

PEOPLE ex rel. JOHNSTON HARVESTER COMPANY, Relator, *v.* Same Respondents.

(Supreme Court, Erie Special Term, October, 1919.)

Statutes — when manufacturing corporation exempt from assessment on personal property — what property not taxable for school purposes — corporations — taxes — schools — Tax Law, Art. IX-A, added by Laws 1917, chap. 726, § 219-j — Education Law, § 411.

A manufacturing corporation as defined by the "Emerson Act" (Laws of 1917, chap. 726) is by virtue of section 219-j thereof exempt from assessment on any of its personal property.

**1**

The Education Law is not an entirely separate and independent statute, and section 411 thereof, which provides that school trustees shall apportion the district taxes upon all persons residing in the district and upon all corporations liable to taxation therein for the personal estate owned by them and "liable for taxation," must be construed in connection with the General Tax Law, of which chapter 726 of the Laws of 1917 forms a part, and a manufacturing corporation, having paid the franchise tax as provided by section 209 of the Tax Law, is exempt from taxation on its personal property for school purposes.

CERTIORARI proceedings.

Edward A. Washburn, for relators.

B. J. Stedman, for respondents.

WHEELER, J.   The above-entitled proceedings come before this court by virtue of writs of certiorari to review the action of the board of education of union free school district No. 2 of Batavia in assessing the relators upon personal property for school tax purposes.

It is conceded the relator in each case is a manufacturing corporation within the definition of the so-called "Emerson Act," section 208, subdivision 3, of chapter 726 of the Laws of 1917. The relators contend that by virtue of section 219-j of that act they are exempted from any assessment on any personal property after the act in question took effect.

On the other hand the respondents contend that the section referred to does not operate to withdraw the personal property of manufacturing corporations from the operation of the General Education Law, which provides a method of assessing property and collecting taxes for educational purposes. The cases presented for decision raise purely questions of law,

to wit, a judicial interpretation of the force and
effect of the " Emerson Act " as regards the Educa-
tion Law and the power to tax manufacturing corpora-
tions on personal property for school purposes.

The " Emerson Act " materially changed the system
of taxation in the state. This legislation was enacted
in furtherance of a report of a committee appointed to
examine and report on the general tax situation in the
state. This report recommended: " (1) The abolition
of the present tax on personal property, (2) the with-
drawal of general business corporations from the pro-
visions of section 182 of the tax law; and (3) the
imposition of an income tax on individuals and gen-
eral business corporations, including manufacturing
corporations." Pursuant to this report a bill was
drafted and passed by the legislature which became
chapter 726 of the Laws of 1917.

This act imposes a tax of three per cent on the net
income of the corporation (§ 215) and provides that
from the revenue so received the state comptroller
shall pay into the state treasury two-thirds of the
amount, and distribute and pay the balance to the
treasurers of the several counties where the corpora-
tions are located. § 219-h.

Section 219-j then provides: "*After this article
takes effect manufacturing and mercantile corpora-
tions shall not be assessed on any personal property
* * *   After this article takes effect manufacturing
and mercantile corporations shall not be assessed or
taxed upon their capital stock as provided for in section
twelve of this chapter, nor shall they be required to
pay the franchise tax imposed by section one hundred
and eighty-two of this chapter."

The language of the section quoted is broad and
explicit, exempting manufacturing corporations from
all assessment on any of their personal property. The

respondents, however, contend that inasmuch as the act of 1917 does not in express terms refer to or repeal any of the provisions of the Education Law, and as the Education Law constitutes a separate and distinct chapter of the statutes of the state it could not have been the intention of the legislature by chapter 726 of the Laws of 1917 to in any manner modify or alter the provisions of the Education Law, and that the personal property of manufacturing and mercantile corporations is still taxable for the purpose of raising revenue for educational purposes. To a certain extent the Education Law does constitute a separate and distinct chapter, but we shall presently see that certain sections of that law must necessarily be read and construed in connection with the Tax Law of the state of which chapter 726 of the Laws of 1917 forms a part.

Section 410 of the Education Law provides that " after a tax shall have been voted by a district meeting for a purpose arising during the current school year the trustees shall assess it, and make out the tax list therefor, and annex thereto their warrant for its collection."

Section 411 of the law provides that: " School district taxes shall be apportioned by the trustees upon all real estate within the boundaries of the district which shall not be by law exempt from taxation." The 2d subdivision of the section provides that " The trustees shall also apportion the district taxes upon all persons residing in the district, and upon all corporations liable to taxation therein, *for the personal estate owned by them and liable to taxation.*"

Section 412 provides for the purpose of ascertaining the valuation of taxable property, the trustees shall ascertain it " so far as possible from the last assessment roll of the town," etc.

It is to be noted that by the Education Law the

assessment against corporations is to be only on " *the personal estate owned by them and liable for taxation.*"

The Education Law nowhere undertakes to define what personal property of a corporation is " *liable for taxation.*" It nowhere lists the personal property to be exempt. Consequently in order to ascertain for what personal property a corporation may be assessed or taxed we necessarily must consult and read the other statutes of the state, and particularly the General Tax Law of the state declaring the exemptions from taxation. It follows that the Education Law is not an entirely separate and independent statute, but one to be interpreted and construed in connection with the General Tax Law, and if by the General Tax Law certain property is legally exempted from all taxes in lieu of a percentage of income to be paid, then it remains no longer taxable even for school purposes. To illustrate, real estate mortgages are required to pay a recording tax, and when paid the holder of the mortgage is entitled to exemption from personal tax on that security for the amount represented. We think no one would contend that the trustees of a school district could claim the right to consider such mortgages property " liable for taxation " because the act exempting them from further taxation contained no reference to the Education Law. What we say in reference to mortgages is equally true of real estate purchased by pension money.

We, therefore, are of the opinion that in order to limit the jurisdiction of school trustees to assess personal property of manufacturing corporations it was not necessary for the legislature to make specific reference to the Education Law — but it was sufficient by appropriate language to enlarge the exemption, and place the personal property of corporations in the list of property exempted.

The act of 1917 simply limited the class of property against which school boards could assess taxes for school purposes. This the legislature has power and authority to do. And the act is just as effective as though it had undertaken to amend the Education Law by an added section to that act itself. Indeed it is manifest that the method pursued in the " Emerson Act " was the appropriate method of exempting corporate personal property not only from general taxation but from taxation for school purposes as well.

We find nothing ambiguous in the act of 1917 so far as the question now under consideration is concerned. It may be that the statute works a hardship on certain school districts. As to the wisdom of the law the courts have nothing to do. The legislature is the sole judge of those questions.

"All statutes must have a construction according to the language employed, and where no ambiguity exists courts cannot correct supposed defects." *Benton* v. *Wickwire,* 54 N. Y. 226.

Where language is apt and the construction plain, it cannot be departed from in deference to any supposed intent. *Matter of Village of Middletown,* 82 N. Y. 196; *Matter of Simmons,* 151 App. Div. 444; *People* v. *Long Island R. R. Co.,* 194 N. Y. 130.

We are of the opinion the relators are entitled to the relief asked.

Ordered accordingly.