THE VALLEY FARMS COMPANY OF YONKERS, Respondent, *v.* CITY OF YONKERS, Defendant, Impleaded with COUNTY OF WESTCHESTER, Appellant.

Second Department, October 8, 1920.

**Taxation — municipal corporations — assessment for construction and maintenance of Bronx Valley sewer — constitutional law — chapter 646 of Laws of 1917 constitutional — authority of Legislature under taxing power.**

It is competent for the Legislature, under the taxing power, to determine the area of property benefited by a municipal improvement for the purpose of establishing a tax district, unless it is arbitrary and wholly unwarranted, a flagrant abuse, and by reason of its arbitrary character a confiscation of particular property.

The property owners within the area of such assessment are not entitled to be heard upon the question of the creation and limitation of the district, but they are entitled to be heard upon the apportionment of the taxes within such district.

It is competent for the Legislature to create a tax district for the purpose of raising money to pay for municipal improvements already made, and likewise to substitute one tax district for another.

The Legislature may determine the basis of assessment, that is to say, whether it shall be on area, on value, on location with reference to improvement, or on any other reasonable basis that the Legislature, in the exercise of its discretion, deems to be just and equitable.

Under the rules aforesaid, the Legislature had constitutional power after the Bronx Valley sewer had been completed under the authority of chapter 646 of the Laws of 1905, as amended, to enact chapter 646 of the Laws of 1917, establishing a tax district and prescribing a method of levying a tax to meet the cost of said construction and the maintenance of said sewer, although the original district of assessment under the act of 1905 did not include the plaintiff's land which was included by the act of 1917, if in fact such land will receive benefits, however slight, of such sewer by the construction of a trunk sewer leading thereto.

The owner whose lands were included in the assessment district by the act of 1917 has not been denied an opportunity to be heard by reason of the fact that the Legislature adopted the assessment rolls of local assessors in cities and towns wholly or partly within the district.

APPEAL by the defendant, the County of Westchester, from an interlocutory judgment of the Supreme Court in favor of
APP. DIV.— VOL. CXCIII.        28

the plaintiff, entered in the office of the clerk of the county of Westchester on the 7th day of January, 1920, upon the decision of the court, rendered after a trial at the Westchester Special Term, overruling the demurrer interposed by said defendant to the complaint.

*William A. Davidson, County Attorney* [*Charles M. Carter, Deputy County Attorney*, with him on the brief], for the appellant.

*Robert C. Beatty* [*Roger H. Anderson* with him on the brief], for the respondent.

BLACKMAR, J.:

The plaintiff herein seeks to have adjudged void and canceled of record certain assessments against its property, levied for the purpose of paying for the construction and maintenance of the Bronx Valley sewer, and this necessarily involves the constitutionality of certain provisions of chapter 646 of the Laws of 1917, which established a tax district including the property of the plaintiff and prescribed a method of levying a tax to meet the cost of the construction and maintenance of the sewer.

When the act mentioned was passed, the sewer had already been completed and was in operation. It was built under chapter 646 of the Laws of 1905 and the acts amendatory thereof and supplementary thereto. Pursuant to the act of 1905, a district of assessment, which did not include plaintiff's land, had been established by the commissioners, and the Legislature by the act of 1917 substituted in its place another district, created and bounded by the Legislature itself, which did include plaintiff's land. The plaintiff claims that its property is not benefited by the sewer; that the method of assessment is not in accordance with benefits; that no hearing is given on the apportionment of the tax, and that, therefore, in its application to plaintiff's land the act violates the Constitution of the State of New York (Art. 1, § 6) and section 1 of the Fourteenth Amendment of the Constitution of the United States in that it takes plaintiff's property without due process of law and denies to it the equal protection of the law.

It is alleged in the complaint that the sewer already constructed is so located that only a portion of the property in the valley where plaintiff's property lies has access to it, and that the remainder of such property can have access only by the construction, at an expense of $300,000, of a trunk sewer leading thereto; and that , therefore, the act of the Legislature in including such land within the tax district is arbitrary, unjust, and not justified by the benefits that the land receives from the sewer.

The plaintiff also claims that the adoption of the assessment rolls of the cities and towns wholly or partly in the district is beyond the power of the Legislature, in that, *first*, the parties are not given an opportunity to be heard, and, *second*, that such assessment bears no relation to the benefit that the different parcels of land received from the sewer.

Many decisions have been rendered by courts of last resort, of the State of New York, of other States, and of the United States, upon the questions involved in this appeal. I shall not attempt the burden of analyzing them, but shall confine myself to stating the principles that I deem to be established.

It is competent for the Legislature, under the taxing power, to determine the area of property benefited by the improvement, for the purpose of establishing a tax district, unless, as is said in *Branson* v. *Bush* (251 U. S. 182), it is " arbitrary and wholly unwarranted," " ' a flagrant abuse, and by reason of its arbitrary character is mere confiscation of particular property.' "

The property owners within the area of assessment are not entitled to be heard upon the question of the creation and limitation of the district, but they are entitled to be heard upon the apportionment of taxes within such district.

It is competent for the Legislature to create a tax district for the purpose of raising money to pay for improvements already made, and, likewise, to substitute one tax district for another.

The Legislature may also determine the basis of assessment, whether it shall be on area, on value, on location with reference to the improvement, or on any other reasonable basis that the Legislature, in the exercise of its discretion, deems to be just and equitable.

I believe that these principles are established by the decisions of the courts and find expression in the following cases: *Gast Realty Co. v. Schneider Granite Co.* (240 U. S. 55); *Houck* v. *Little River District* (239 id. 254); *Myles Salt Co.* v. *Iberia Drainage Dist.* (Id. 478); *Wagner* v. *Baltimore* (Id. 207); *Seattle* v. *Kelleher* (195 id. 351); *Spencer* v. *Merchant* (125 id. 345); *Hancock* v. *City of Muskogee* (250 id. 454); *Matter of Trustees of Union College* (129 N. Y. 308); *Stuart* v. *Palmer* (74 id. 183); *New York Central & H. R. R. R. Co.* v. *City of Rochester* (129 App. Div. 805; affd., 198 N. Y. 570); *Webster* v. *Fargo* (181 U. S. 394); *People ex rel. Scott* v. *Pitt* (169 N. Y. 521).

The complaint concedes that all the land lying within the boundaries of the tax district as established by the act of 1917 has now, or may by the construction of a trunk sewer have access to the outlet sewer forming part of the so-called Bronx Valley sewer. There is, therefore, a basis for the exercise of the legislative discretion in including this land within the tax district. It is not arbitrary, wholly unwarranted, or a flagrant abuse resulting in the confiscation of the plaintiff's property, to determine that this land is benefited by the existence of the sewer. It may be that a court would not reach the same conclusion as the Legislature, and that the benefits conferred upon this portion of the district are much less than upon other portions. Conceding this, there nevertheless is a substantial basis for the exercise of the legislative discretion; and notwithstanding the constitutional limitations that the United States Supreme Court in its recent decisions has placed upon the legislative power to include property within the limits of a tax district, the facts alleged in the complaint do not show that the Legislature has passed beyond the constitutional limits of its power in this respect.

Under the authorities cited, the Legislature has undoubted power to prescribe the method under which the assessment shall be laid for the purpose of taxation. In this case it is based on value, as shown by the assessment rolls of the cities and towns wholly or partly within the sewer district. The plaintiff claims that equal protection of the law requires that the assessment should be laid on some basis other than value, for, it says, it is unjust that improved property should be assessed on the value of the improvements. I can imagine

no reason why the Legislature should not decide that the assessment may be properly based on value, and I think it within the scope of legislative power to decide that improved property is benefited as well as unimproved according to its value. This is a question for legislative determination, and if I thought the method led to injustice, which I do not, I could not substitute my judgment for that of the Legislature.

It is true that a property owner has the constitutional right to be heard upon the apportionment of the tax as between him and other property owners within the district. This apportionment is usually delegated to some commission or board which has quasi-judicial powers, upon the exercise of which the property owner is entitled to an opportunity to be heard. But in this case, by adopting the assessment rolls of local assessors, the right to be heard as to the proper apportionment is preserved, not only by necessary implication, but by section 3 of the act.

Although assessment for benefits is an exercise of the taxing power whereby the unearned increment is appropriated to pay for the improvement that created it, yet there is a certain analogy between the constitutional power of the Legislature to create such tax district for the purpose of assessment for benefits and other tax districts, including municipalities. The power of the Legislature to determine the boundaries of cities and of counties is unquestioned. Within the boundaries of the city, all property is taxed, whether it is improved or unimproved, whether it lies at the heart of the business district or on the outskirts, and without reference to the extent to which it may participate in the general benefits to secure which the taxes are levied. It has never, so far as I know, been held that it is unconstitutional to extend the limits of a city so as to include property which the owners claim is not interested, in the same proportion as other property, in the benefits conferred by the existence of the municipal government. Neither has the power of the Legislature to select the subjects of taxation, providing there is a substantial basis for the classification, ever been successfully challenged. So long as parties are treated alike with others in the same class, and so long as they have an opportunity to be heard upon the apportionment of the tax, as distinguished from the creation

of the tax district, and as distinguished from the classification of property that is to bear the burden of taxation, there is no room for valid complaint.

The interlocutory judgment should be reversed, with costs, and judgment granted sustaining the demurrer, with costs.

JENKS, P. J., MILLS, PUTNAM and KELLY, JJ., concur.

Interlocutory judgment reversed, with costs, and judgment granted sustaining the demurrer, with costs.