In the Matter of the Application of WILLIAM B. MURPHY, Petitioner, for an Order of Certiorari to Review the Determination of FRANK P. GRAVES, as Commissioner of Education, Respondent.

Supreme Court, Monroe County, December 7, 1926.

**Schools — consolidation of school districts — indebtedness of school district dissolved and consolidated under Education Law, § 129, cannot be made charge upon enlarged district — Education Law, § 135, provides that dissolved district shall continue to exist in law for purpose of paying debts — petitioner's remedy is under Tax Law and not by certiorari under Civil Practice Act.**

The indebtedness of common school districts, dissolved and consolidated pursuant to the provisions of section 129 of the Education Law, cannot be made a charge upon the enlarged district, and, consequently, the dissolved district must pay the indebtedness existing at the time of the consolidation.

Section 135 of the Education Law, providing that dissolved school districts shall continue to exist in law for the payment of their debts, warrants a finding that

the Legislature, in providing for the dissolution and consolidation of school districts and for the payment of indebtedness of school districts, did not intend to permit the indebtedness of districts dissolved and consolidated, under section 129, to be a charge upon the enlarged district.

However, petitioner's application for certiorari to review the determination of the Commissioner of Education confirming the action of the board of education of a union free school district, with which other districts had been consolidated, in levying taxes to pay bonds of said district issued prior to the consolidation, should have been denied, for the petitioner's remedy is under the Tax Law and not by certiorari under the Civil Practice Act.

MOTION by the defendant to vacate an order of certiorari.

*Bowman & Van Schaick* [*George S. Van Schaick* of counsel], for the petitioner.

*Irwin Esmond,* for the respondent.

CUNNINGHAM, J.    The petitioner seeks to review the determination of the Commissioner of Education confirming the action of the board of education of union free school district No. 1 of the town of Marion, in levying taxes for the year 1925.

In preparing the tax list for such district for the year 1925, the board included in the sum to be raised the amount of installments and interest due on certain bonds, which items petitioner claims could not be legally assessed against his property.

In 1923 the district superintendent dissolved common school districts Nos. 2, 6, 7, 9 and 10 of the town of Marion, and 11 and 12 of the town of Palmyra, and annexed the territory of such districts to union free school district No. 1.

Previous to the consolidation, the former union free school district had issued bonds the amount of which it is now sought to charge upon the consolidated district.    The petitioner, owning property in one of the common school districts now merged in the larger district, objects to a tax upon his lands to raise money for the payment of such bonds.

The districts were consolidated pursuant to the provisions of section 129 of the Education Law, under which section the consolidation may be made without the consent of the trustees or boards of education of the districts affected and without the approval of the taxpayers thereof.    (*Bullock* v. *Cooley,* 225 N. Y. 566.)

The Education Law provides other methods for the dissolution and alteration of districts.    Under section 128 common school districts may be dissolved and the territory thereof annexed to an adjoining union free school district, but only " upon the written consent of the trustees of all the districts to be affected."    Under section 132 (added by Laws of 1913, chap. 129, as amd. by Laws

of 1914, chap. 101) districts may be consolidated when authorized by the vote of the qualified electors.

The first question that arises is whether the Legislature has made the bonds issued by the former union free school district a charge upon the consolidated district.

The Legislature undoubtedly has the power to make the indebtedness of each of the merged districts a charge upon the enlarged district. (*Valley Farms Co.* v. *City of Yonkers*, 193 App. Div. 433; affd., 231 N. Y. 558; affd., *sub nom. Valley Farms Co.* v. *County of Westchester*, 261 U. S. 155.)

The statute provides that school district bonds " shall be a charge upon the district " by which issued. (Education Law, § 480, subd. 1, as amd. by Laws of 1925, chap. 102.)

It is further enacted that when districts are dissolved under section 128, or consolidated under section 132, " the bonded indebtedness of any such district shall thereupon become a charge upon the enlarged district formed by such annexation." (Education Law, § 134-a, as amd. by Laws of 1913, chap. 129.)

This section, therefore, permits bonded indebtedness to be charged upon an enlarged district only when the consolidation thereof has been made with the consent of the trustees or electors of the districts affected. A careful reading of this section discloses no authority to charge upon an enlarged district the bonds of each of the districts taken into the consolidated district, when such consolidation was made without the consent of the trustees or taxpayers of the districts affected. The omission in section 134-a of a reference to districts dissolved and consolidated under the authority of section 129 would indicate that the Legislature intended that when districts were consolidated without the consent of the trustees or electors, bonds of the former districts should not be a charge upon the new district.

Previous to 1913 section 134-a permitted the bonded indebtedness of districts consolidated with others to be a charge upon the enlarged district only when such consolidation was made under section 128. By chapter 129 of the Laws of that year the section was amended so as to make the provisions thereof applicable to districts " consolidated as provided in section one hundred and thirty-two."

It is apparent that the Legislature again purposely omitted to include districts dissolved and consolidated under section 129.

Furthermore, section 135 providing for the continuance of dissolved districts for the payment of indebtedness has special application to districts dissolved and consolidated under section 129. (*Barringer* v. *Powell*, 230 N. Y. 37, 41.)

In that case the court said: " Section 135 of the Education Law (Cons. Laws, chap. 16) provides that if a district be dissolved, as provided in section 129 of the same act, it ' shall continue to exist in law, for the purpose of providing for and paying all its just debts.' "

This again reveals the intention of the Legislature not to permit indebtedness of districts dissolved and consolidated under section 129 to be a charge upon the enlarged district.

It seems clear to me that the Legislature having provided that the bonds should be a charge upon the district by which issued, and having failed to change this rule as to districts dissolved and consolidated under section 129, in such cases the indebtedness of each dissolved district existing at the time of the consolidation must be paid by such district and may not be charged against the enlarged district.

A further question arises as to the right of the petitioner to maintain this proceeding.

Although the proceeding is brought against the Commissioner of Education, its purpose is to review the tax levied by the board of education.  Such a review might have been had under the Tax Law.  (*People ex rel. Franklin Mills Co.* v. *Collins,* 109 Misc. 1; affd., 193 App. Div. 925; 232 N. Y. 502.)

The petitioner should have attacked the action of the assessing officers in the way pointed out by statute and is, therefore, precluded from bringing this proceeding under the Civil Practice Act. (*Mercantile National Bank* v. *Mayor,* 172 N. Y. 35.)

The order of certiorari is vacated and set aside, but, under the circumstances, without costs.