JACOB ADRIAANSEN, Plaintiff, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1, TOWN OF MARION, WAYNE COUNTY, N. Y.

Supreme Court, Monroe County, June 6, 1927.

**Schools — consolidation by district superintendent, under Education Law, § 129, of common school districts with union free school district — common school districts not liable for bonded indebtedness of union free school district — assessment of taxes was beyond jurisdiction of assessors and was illegal — action may be maintained in equity to remove cloud — appeal to Commissioner of Education not required — adoption of budget by new district did not validate taxes — protest against payment unnecessary.**

Common school districts which are consolidated with a union free school district by the district superintendent, under section 129 of the Education Law, without the consent of the trustees or board of education or electors of the common school districts, are not liable for the bonded indebtedness of the union free school district. An assessment against the property of common school districts thus consolidated is beyond the jurisdiction of the assessors and is illegal and

void, and a taxpayer of such common school district may maintain an action in equity to have the assessment declared void as a cloud on title.

It is unnecessary as a condition precedent to the maintenance of such an action that the taxpayer appeal to the Commissioner of Education in the first instance. An appeal taken by another taxpayer in which the Commissioner of Education sustained the assessment, is not binding upon the plaintiff.

The adoption of a budget by the electors of the new district did not operate to validate the taxes upon property which was not subject to the assessment. And it was not necessary for the plaintiff to pay his taxes under protest.

ACTION submitted upon pleadings and stipulated facts April 4, 1927.

*Bowman & Van Schaick,* for the plaintiff.

*Clyde W. Knapp,* for the defendant.

RODENBECK, J.   Common school districts of the towns of Marion and Palmyra were annexed to union free school district No. 1 of the town of Marion by the district superintendent pursuant to section 129 of the Education Law, and thereafter taxes for part of the bonded indebtedness and interest thereon of the union free school district were assessed against plaintiff's property located in one of the common school districts annexed.   No consent to the consolidation was obtained from the trustees, boards of education or electors of the affected districts.   The annual budgets containing the taxes in question were adopted by the electors of the new district and the taxes were paid by the plaintiff, those for 1925 under protest.   Another taxpayer similarly situated appealed to the Commissioner of Education who held that the consolidation was regular and that the bonded indebtedness in question became a charge upon the new district and dismissed the appeal.   No appeal to the Commissioner was taken by plaintiff but, instead, he commenced this action in equity to have the taxes involved declared illegal and void, beyond the jurisdiction of the taxing officers, and a cloud upon his title.

There is no statutory provision making the bonded indebtedness, with interest thereon, of union free school district No. 1 an obligation upon the new district.   The statute makes the bonds issued by each district before consolidation a charge upon the district. (Education Law, § 480, subd. 1, as amd. by Laws of 1925, chap. 102.*)   This obligation could not be transferred to the new district except through some clear enactment of the Legislature to that effect.   The districts in question were consolidated pursuant to section 129 of the Education Law and it is only in cases where the consolidation is effected pursuant to sections 128 or 130, that the bonded indebtedness of the districts consolidated becomes a charge

---

* Since amended by Laws of 1926, chap. 115.—[REP.

upon the new district. Where the consent of trustees or boards of education are required, or where the consolidation is voted on by the electors, the bonded indebtedness of the several districts becomes a charge upon the enlarged district (Education Law, § 135; *Barringer* v. *Powell*, 230 N. Y. 37), but in cases where the school commissioner acts on his own responsibility without the consent of trustees or boards of education, or the support of the electors, the bonded indebtedness remains a charge upon each district as before the consolidation. Section 129 of the statute was evidently designed to meet a situation where there was no reason for disturbing the charge upon each district for its bonded indebtedness, and in such a case it was reasonable to permit the superintendent to effect a consolidation without previous authorization or consent. The consolidation in question having been made pursuant to section 129 of the Education Law there was no authority for assessing any part of the bonded indebtedness, or interest thereon, of one district upon another or upon the entire district, and the assessment complained of was beyond the jurisdiction of the assessors and is illegal and void. (*Matter of Murphy* v. *Graves*, 128 Misc. 346.)

In such a case an action in equity will lie to remove a cloud upon title. (*Strusburgh* v. *Mayor, etc., City of N. Y.*, 87 N. Y. 452; *County of Monroe* v. *City of Rochester*, 154 id. 570; *Elmhurst Fire Co.* v. *City of N. Y.*, 213 id. 87.) The plaintiff was not required to appeal to the Commissioner of Education in the first instance but had the right to resort to an action in equity (*Matter of O'Connor* v. *Emerson*, 196 App. Div. 807; affd., 232 N. Y. 561; *Matter of Miller* v. *Gould*, 121 Misc. 270; *Matter of Hemenway*, 134 App. Div. 86; *People ex rel. Hylan* v. *Finegan*, 227 N. Y. 219), and the appeal taken by another taxpayer in which the Commissioner of Education sustained the assessment is not binding upon the plaintiff. (*Matter of Long Beach Land Co.*, 101 App. Div. 159.) The adoption of the budget by the electors of the new district did not operate to validate taxes upon property not subject to assessment and, therefore, beyond the jurisdiction of the assessors. Protest against the payment of the taxes is an unnecessary formality where there is a want of jurisdiction to levy the assessment. The non-payment of the tax imposed a penalty (Education Law, §§ 426, 435, 436, 438), and the tax when levied was a lien. (*Peyser* v. *Mayor*, 70 N. Y. 497; *Second Nat. Bank* v. *City of N. Y.*, 213 id. 457; *Ætna Ins. Co.* v. *Mayor*, 153 id. 331.) The succession by the new district to the rights of property of the old districts (Education Law, § 137) does not include an implication of a right to tax for a bonded indebtedness existing at the time of consolidation.

Judgment accordingly.