In the Matter of the Application of Jacob Denering, Petitioner, for an Order of Certiorari against The Board of Education of Union Free School District No. 1, Town of Marion, Helen Sweezey, Collector of Taxes in Said District, and Frank P. Graves, Commissioner of Education, Respondents.

Supreme Court, Wayne County, August 27, 1927.

Schools — consolidation of school districts — taxation — certiorari to review decision of Commissioner of Education and board of education in levying assessment against property of petitioner — real property of dissolved and annexed school districts cannot be assessed to pay bonded indebtedness of union school district existing at time of annexation — order should be dismissed as to Commissioner of Education since there is no decision made by him to be reviewed — Commissioner should have been required to make return to clerk of Albany county rather than to clerk of Wayne county under Civil Practice Act, § 1296 — fact that petitioner did not appeal to Commissioner of Education pursuant to Education Law, § 890, does not preclude him from right to certiorari order — appeal was not his exclusive remedy — common-law right to certiorari has not been expressly removed by statute — certiorari order sustained as to board of education and collector of taxes.

This is an application to vacate a certiorari order granted petitioner to review and correct the decision of the Commissioner of Education and the board of education of union free school district No. 1 of the town of Marion, Wayne county, in levying an assessment against petitioner on the tax list of said town for 1927.  It appears that, without the consent of the taxpayers of several school districts in Wayne county, the district superintendent therein dissolved certain common school districts, including district No. 9, in which petitioner is a taxpayer, in the towns of Marion and Palmyra and annexed the territory of each such district to union free school district No. 1.  Thereafter, the sum of $11,000 was included in the school budget of 1927 to meet the principal and interest upon the outstanding bonded indebtedness of said district No. 1, and

although the indebtedness was incurred before the consolidation, the board of education assessed the amount of the budget upon the entire consolidated district and prepared the tax list to which the petitioner objects.

Since property of dissolved and annexed school districts cannot be assessed legally to pay the bonded indebtedness of a free school district existing at the time of the annexation, the petitioner's property was not subject to the assessment made by the board of education herein, for the reason that said board was without jurisdiction to make the assessment.

The order should be dismissed as to the Commissioner of Education, since it appears that there is no decision made by him to review; furthermore, even if there were no determination of the Commissioner to be reviewed, he cannot be required to make a return to the clerk of Wayne county as required by the order herein, since by virtue of section 1296 of the Civil Practice Act the return as to him should have been made to the clerk of Albany county. The board of education and the collector of said town, however, are in a different position, the former because the assessment was made by it and the latter by having the tax list and a warrant from the board to collect the tax described therein.

The fact that the petitioner did not appeal to the Commissioner of Education pursuant to section 890 of the Education Law does not bar his right to a certiorari order, since an appeal was not his exclusive remedy.

The machinery for making assessments in the tax districts defined by the Tax Law is so variant from that set up in the Education Law for assessing and collecting school taxes, that the time limit within which a certiorari proceeding may be commenced is not applicable to an assessment in a school district.

Moreover, the common-law right to a certiorari order and the power of the court to grant it has not been expressly taken away by statute as far as the board of education and the collector of taxes is concerned, and consequently the order as granted as to them must stand.

MOTION to vacate an order of certiorari.

*Bowman & Van Schaick* [*George S. Van Schaick* of counsel], for the petitioner.

*Clyde W. Knapp* [*Edson W. Hamn* of counsel], for the Board of Education and Helen Sweezey.

*Ernest E. Cole* [*Edson W. Hamn* of counsel], for the Commissioner of Education.

STEPHENS, J. On November 27, 1926, a certiorari order was granted, *ex parte*, directing the board of education of union free school district No. 1 of the town of Marion, and Frank P. Graves, Commissioner of Education of the State of New York, to certify and return to the office of the clerk of Wayne county all their proceedings and records relating to the assessment against the petitioner on a tax list prepared by the said board of education and delivered to the said Helen Sweezey, the collector of taxes, and the said collector was directed to certify and return a copy of the said tax list for the year 1926–1927, to the end that the decision and action of the board of education in the matter of said assess-

ment may be reviewed and corrected by the court; an order to show cause why said certiorari order should not be vacated was granted December 16, 1926, upon the application of the Commissioner of Education, returnable December twenty-seventh; the hearing was adjourned to the Special Term held February 28, 1927, for which date the board of education and Helen Sweezey noticed a motion for like relief.

The controversy arises from the circumstance that the district superintendent of the third supervisory district of Wayne county, by his orders made April 30, 1923, dissolved common school districts Nos. 2, 6, 7, 9 and 10 of the town of Marion, and district Nos. 11 and 12 of the town of Palmyra, and annexed the territory of each of such districts to the said union free school district No. 1 of the town of Marion, without the consent of the taxpayers of said common school districts, pursuant to the provisions of section 129 of the Education Law; an appeal was taken from said order to the Commissioner of Education and on June 27, 1924, the appeals were dismissed by him but the orders of the district superintendent were amended to take effect August 1, 1924, and, as so amended, they were confirmed; at a school meeting held in August, 1926, the budget for the ensuing year was adopted; it included an amount upwards of $11,000 to be applied for principal and interest upon the outstanding bonded indebtedness of the said union free school district, incurred before the consolidation; that thereafter the board of education assessed the amount approved at the meeting upon the entire consolidated district and prepared a tax list and delivered it, together with their warrant for the collection of the tax, to the collector on or about October 19, 1926; the petitioner is the owner of real property in old common school district No. 9 of the town of Marion; his property was included in said tax list; feeling aggrieved, he procured the certiorari order which is here under attack.

It has been determined, in an equitable action brought by one of the other taxpayers of former school district No. 9, that the property of the said dissolved and annexed districts could not legally be assessed to pay the bonded indebtedness of said union free school district existing at the time of the annexation (*Adriaansen* v. *Board of Education of Union Free School District No. 1*, RODENBECK, J., manuscript opinion); the same position was taken by CUNNINGHAM, J., in *Matter of Murphy* v. *Graves* (128 Misc. 346); the latter decision was rendered upon a motion to vacate an order of certiorari, and while the motion was granted upon the ground that the petitioner for the order had mistaken his remedy, the propriety of assessing the property within the annexed area to pay for the said

bonded indebtedness already incurred was fully discussed and the opinion expressed that such property was not subject to assessment for such purpose.

Since these two justices of the court in this district have determined this question of law, in respect to the validity of the assessment, which this proceeding was instituted to review, it may be taken for granted that we have here to do with an invalid assessment and the form of remedy which is invoked to correct it.

The Commissioner of Education founds his motion to vacate the certiorari order upon the following grounds: (1) That it does not appear that the Commissioner had rendered any determination in regard to the matter in controversy within four calendar months of the granting of said order, and it was, therefore, improperly granted under section 1288 of the Civil Practice Act; (2) that the decision of the Commissioner upon the appeal from the consolidation orders, and his decision rendered May 19, 1926, upon the appeal by one Murphy, a resident taxpayer of one of the annexed districts, from the action of the board of education in levying the school tax for the year 1925–1926, are final and not subject to review (Education Law, § 890); (3) that the last above-mentioned decision determined that the entire consolidated district was obligated for the payment of the outstanding bonded indebtedness of union free school district No. 1, and that a certiorari order procured by said Murphy for the purpose of reviewing said decision has been vacated; (4) if this proceeding be brought under the provisions of the Tax Law (§ 290, as amd. by Laws of 1916, chap. 323), the court, owing to the lapse of time, was without jurisdiction to grant the order (§ 291); (5) that a certiorari proceeding cannot be instituted against the Commissioner until after an application has been made to him to consent to an amendment of the tax lists by the school district trustees and a decision has been rendered thereon within four months of the granting of the order and that no such application has been presented and no such decision made; (6) that the order granted herein requires the Commissioner to make a return of his proceedings to the office of the clerk of Wayne county instead of Albany county, in violation of section 1296 of the Civil Practice Act.

The board of education and the collector of taxes rely upon substantially the same grounds as the Commissioner of Education to support their motion; however, these respective parties are not similarly situated; I am of the opinion that the motion must prevail as to the Commissioner for the reason that there is no decision made by him to be reviewed; it is not an adequate cause for retaining him as a party to the proceeding that the assessment cannot be corrected by the board of education except with his consent, for if

the assessment be illegal, as distinguished from being erroneous, his consent could not validate it nor would his refusal be necessary to a judicial determination that it was illegal; his decision in the *Murphy* case, that the assessment for the year 1925–1926 was valid, does not bulk at all into our inquiry here, the petitioner not being a party to that proceeding and in no way bound by the result of it (*Matter of Long Beach Land Co.,* 101 App. Div. 159; *People ex rel. Board of Education* v. *Finley,* 211 N. Y. 51); even if there were any determination of the Commissioner to be reviewed, he cannot be required to make a return to the clerk of Wayne county. (Civ. Prac. Act, § 1296.)

The board of education and the collector, however, are in a different position, the former because the assessment was made by it, and the latter by having the tax list and a warrant from the Board to collect the taxes therein described. (Civ. Prac. Act, § 1292.)

The said parties, however, stress the facts that the petitioner having a right to appeal to the Commissioner, could not resort to certiorari (Civ. Prac. Act, § 1286, subd. 2) and that a proceeding of this nature should have been initiated, if at all, under section 290 of the Tax Law, and not having been instituted within fifteen days after the delivery of the tax list to the collector and posting of the notice by the latter that the list was in her possession, the certiorari order was improvidently granted.

While the petitioner had the right to appeal to the Commissioner, he was not under the imperative necessity of doing so; an appeal was not his exclusive remedy. (*Barringer* v. *Powell,* 230 N. Y. 37; *Matter of O'Connor* v. *Emerson,* 196 App. Div. 807; affd., 232 N. Y. 561; *Matter of Levitch* v. *Board of Education,* 243 id. 373; *Matter of Miller* v. *Gould,* 121 Misc. 270.) If an appeal be taken, however, the decision thereon is final if the Commissioner have jurisdiction to hear it. (*Bullock* v. *Cooley,* 225 N. Y. 566.)

It appears from the cases above cited, and from others, that the scope of the jurisdiction of the Commissioner of Education has been, not infrequently, the subject of judicial scrutiny; in controversies involving educational agencies, his authority to decide, and the finality of his decision, has been fully recognized.

It was stated in *People ex rel. Hylan* v. *Finegan* (227 N. Y. 219) that the Commissioner has the power of deciding controversies " arising from the action or failure of action of bodies or individuals generally or, for the time being, made agencies of the education department and which are subject to the undisputed authority of the Education Law and bound to obey its commands," and after a reference to the powers and limitations conferred and existing under

the several subdivisions of section 890 of said law, it is said: " It is seen at once that these subdivisions enumerate bodies and officials recognizing the binding effect of the Education Law, standing as agents under and of it but differing in respect of its meaning and application or refusing to abide by it; " and in sustaining a writ of prohibition against the Commissioner, restraining him from entertaining jurisdiction and determining the controversy between the State of New York and the board of education of New York city, concerning the disposition of school moneys appropriated by the State, it was held that the proceeding before the Commissioner was not instituted " for the purpose of enforcing a conceded or established right but for the purpose of determining what are the rights of the contending parties; " it is not a case " where we can hold that he is entitled to enforce a right which we might think exists, but a case where jurisdiction is claimed to determine a controversy in any way that shall seem proper to the judicial mind of the Commissioner. That we do not think he has power to do."

I cannot concur in the reason assigned for dismissing the order of certiorari in *Matter of Murphy* v. *Graves (supra)*, that the petitioner should have proceeded under the Tax Law; the machinery for making assessments in the tax districts defined by that law is so variant from that set up in the Education Law for assessing and collecting the school taxes, that the time limit within which a certiorari proceeding may be commenced is not applicable to an assessment in a school district; the fifteen-day period of limitation begins " after the completion and filing of the assessment-roll and the first posting or publication of the notice thereof as required by this chapter." (Tax Law, § 291.) The completion and filing of the assessment roll and the posting of the notice thereof, required by the Tax Law, has little kinship either in the method of procedure or the purpose of the notice of the receipt of a warrant for the collection of taxes by the collector of a school district and his posting notices stating that he has received such warrant and will receive taxes pursuant thereto.

The board of education had no jurisdiction to assess the property of the petitioner for the items in the school budget relating to the bonded indebtedness of the union free school district. (*Adriaansen* v. *Board of Education, supra; Matter of Murphy* v. *Graves, supra*.) I conclude, therefore, that as to the board of education and the collector of taxes, the common-law right to a certiorari and the power of the court to grant it, has not been expressly taken away by statute, that the determination of said board cannot be adequately reviewed by an appeal to the Com-

missioner, and that there are questions involving the merits of the controversy to be determined by the court.

The motion is granted as to the Commissioner of Education and denied as to the board of education and the collector of taxes. A final order, in accordance herewith, may be submitted for signature.