JACOB ADRIAANSEN, Respondent, *v.* BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1, TOWN OF MARION, WAYNE COUNTY, NEW YORK, Appellant.*

Fourth Department, December 30, 1927.

Schools — district schools — consolidation of district schools with union free school by district superintendent under Education Law, § 129 — taxpayers of consolidated districts may legally be assessed to pay bonds previously issued by union free school district — Education Law, § 134-a, construed — Education Law, § 135, does not apply.

The district superintendent of schools of the third supervisory district of Wayne county, acting under section 129 of the Education Law, dissolved several

---

* Revg. 130 Misc. 49.

common school districts and annexed the territory to a union free school district. At the time of the dissolution and annexation the union free school district had bonds outstanding. At a meeting of the consolidated districts, the electors of the new district adopted an annual budget which contained items for the payment of bonds issued by the union free school district and interest thereon, which bonds had been sold before consolidation. The plaintiff paid his tax under protest and brings this action to recover the payment so made and to have the assessments against his property declared to be void, and to restrain the assessment and collection of taxes for the payment of said bonds and interest.

Under the common law, annexed territory is liable to assessment for the payment of bonds and liabilities of the territory to which the annexation is made, and the fact that people in the territory annexed may be called upon to pay such liabilities does not render the annexation void. No express provision therefor in the Education Law was necessary to render the plaintiff liable to taxation to pay the bonds of the old union free school district.

The mere fact that section 134-a of the Education Law specifically provides that in case of consolidation under sections 128 and 130–133 the bonded indebtedness of the district to which the annexation is made shall become a charge upon the enlarged district, does not change the existing common law in reference to annexation made under section 129, but merely provides in reference to annexation made under the sections stated, that the common law shall apply.

Section 135 of the Education Law, which provides in effect that a district dissolved shall continue to exist in law for the purpose of paying its debts, does not apply to the union free school district, which was not dissolved, to which the common school districts were annexed.

Accordingly, the plaintiff's property, which is situated in one of the old common school districts, is subject to assessment and taxation to pay the bonds issued by the union free school district before the annexation became effective.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Wayne on the 3d day of August, 1927.

*Clyde W. Knapp,* for the appellant.

*Bowman & Van Schaick [George S. Van Schaick* and *Howard M. Woods* of counsel], for the respondent.

*Ernest E. Cole,* for the Commissioner of Education, filing brief *amicus curiæ.*

*Simon Fleischmann, Frank C. Moore* and *Martin Clark,* for Union Free School District No. 1, Tonawanda, filing brief *amicus curiæ.*

HUBBS, P. J.   On the 30th day of April, 1923, the district superintendent of schools of the third supervisory district of Wayne county, acting under section 129 of the Education Law, dissolved districts Nos. 11 and 12 of the town of Palmyra, and districts Nos. 2, 6, 7, 9 and 10 of the town of Marion, Wayne county, and annexed the territory of said dissolved districts to union free school district

No. 1 of the town of Marion. Thereafter an appeal was taken from said order by certain residents and taxpayers of the dissolved districts to the Commissioner of Education. The appeal was heard and a decision made dismissing the appeal and affirming and approving the order made by the district superintendent of schools. The opinion of the Commissioner is reported in 34 State Department Reports, at page 591. As that decision related to the supervision, administration and management of schools, it is final and conclusive. (*Bullock* v. *Cooley*, 225 N. Y. 566.)

The order of the district superintendent of schools, dissolving said districts, became effective upon August 1, 1924. Thereafter the territory within all of said districts constituted the territory of union free school district No. 1 of the town of Marion, hereinafter referred to as the new district.

Prior to the 30th day of April, 1923, the date of the order of the district superintendent of schools consolidating said districts, the old union free school district No. 1 of the town of Marion had duly voted to raise money by the sale of bonds for the purpose of purchasing land and erecting thereon an addition to the school building. The bonds had been duly issued and sold, and at the date of the commencement of this action were outstanding to the amount of $112,000.

After said order of consolidation became effective on August 1, 1924, and upon August 4, 1925, the electors of the new district No. 1, at the annual school meeting, adopted the annual budget for the ensuing year. Said budget contained items amounting to $10,750 for the payment of bonds issued and interest thereon, which bonds had been sold before said consolidation. No appeal was taken from the action of the meeting. Thereafter the board of education of said new district No. 1 met and duly levied the tax for the amount voted at the said annual school meeting, prepared the tax list and warrant for its collection, and delivered the warrant to the tax collector of said new district No. 1 on October 19, 1925. The plaintiff, a taxpayer and resident of old district No. 9 of the town of Marion, which had been duly consolidated with the old district No. 1, and, therefore, a resident and taxpayer of new district No. 1, was assessed upon said tax list for the payment to be made upon said bonds. He paid said tax under protest. Thereafter the same procedure was followed in 1926, and the plaintiff paid the tax assessed against his property under protest.

This action was commenced by the plaintiff to recover the payments so made; to have the assessments against his property decreed to be void, and to restrain the assessment and collection thereafter of taxes against his property for the payment of said bonds and

interest thereon.   The plaintiff was successful at Special Term, and the defendant has appealed.

Various questions have been raised by the appellant regarding matters of practice, and it is urged that the court did not have jurisdiction to hear and determine the action.   The conclusion which we have reached upon the principal question, which goes to the merits of the action, renders it unnecessary to pass upon the other incidental questions raised.

The complaint, referring to the school meeting in old district No. 1, held on July 18, 1922, alleges: " That such proceedings were taken as resulted in the sale of the sum of $13,000.00 of bonds of Union Free School District No. 1, Town of Marion, N. Y., which by the terms thereof became a lien upon the taxable property of such district and the amount of principal and interest to be raised by tax upon the taxable property of such district, and that a tax was then and there voted, which tax was to be collected in installments to pay the principal and interest on said bonds."   The complaint contains a like allegation concerning the bonds for $120,000 voted at the school meeting of old district No. 1, held March 17, 1923.   Those allegations are admitted in the answer. We understand the allegation, " and that a tax was then and there voted, which tax was  to be collected in installments to pay the principal and interest on said bonds," to mean that the resolution authorizing the issuance and sale of the bonds provided that they should be paid in installments from money to be raised each year by taxation.

The question for determination is: Was the property of the plaintiff, situate in one of the annexed districts, liable to assessment for the payment of said bonds issued by old district No. 1, before the other districts referred to were annexed thereto?

The learned court at Special Term has decided that property situate in the districts annexed to old district No. 1 could not be assessed to pay said bonds " except through some clear enactment of the Legislature to that effect."   (130 Misc. 49.)   If that conclusion is correct, then the judgment must be affirmed, for it is conceded that there is no express provision of statute making the property in the annexed districts subject to assessment for the payment of the bonds issued by old district No. 1 before the annexation of the other districts.   We do not understand that an express provision of statute is necessary to accomplish that result.

The law applicable to such a situation, as stated in many authorities, is that property in the territory annexed is liable to assessment for the payment of bonds and liabilities of the municipal corporation or district to which the territory is annexed.   The authority

of the Legislature over the boundaries of subdivisions of the State is absolute. It may consolidate, add to or take from the territory of a municipality or district, without the consent of the municipality or district affected. By such action the rights of individuals in the territory affected are not violated. The fact that persons and property in the territory annexed may be subject to taxation to pay bonds and obligations theretofore voted without their having had any voice or vote in creating the liability, does not render the act of annexation void. There is no contract between citizens of a particular municipality and the corporation that the property within the particular territory shall not be taxed for the benefit of another municipal corporation or district to which it may be annexed, even though the tax is assessed to raise money to pay bonds or obligations voted and incurred by the municipality or district before the annexation. 43 Corpus Juris (143, § 122) reads: " Debts of a municipality contracted before an annexation of territory become a burden upon the added territory as well as upon the original territory, *in the absence of statutory provision to the contrary.*" (See, also, Id. § 123.) Similar statements are contained in other text books. (20 Am. & Eng. Ency. of Law [2d ed.], 1152; 28 Cyc. 224; 19 R. C. L. 732; Dillon Mun. Corp. [4th ed.] 268.) Many cases are collated in those authorities sustaining the statements of the texts. There is also an exhaustive note to the case of *Blake* v. *Jacks* (27 L. R. A. [N. S.] 1147; 18 Idaho, 70) in which many cases are digested. Decisions by the courts of this State are to the same effect. (*Matter of Hollister* v. *City of Rochester*, 41 Misc. 559; affd., *sub nom. Matter of Hollister*, 96 App. Div. 501; affd., 180 N. Y. 518; reargument denied, 181 id. 504; *Abell* v. *Clarkson*, 206 App. Div. 172; revd. on another question, 237 N. Y. 85; *People ex rel. McKenzie* v. *Supervisors*, 94 id. 263; *Pumpelly* v. *Village of Owego*, 45 How. Pr. 219.)

It is not suggested that the act of the Legislature in delegating to district superintendents of schools authority to dissolve school districts and to annex the territory thereof to another district under section 129 is unconstitutional and void.

It becomes necessary, therefore, to refer to the provisions of the Education Law for the purpose of determining whether its provisions have changed the common-law rule.

There are three methods by which a school district may be dissolved and its territory annexed to another district: *First*, it may be done by an order of a district superintendent of schools " upon the written consent of the trustees of all the districts to be affected " under section 128. *Second*, it may be done by a like order without the consent of said trustees or a vote of the electors of the districts

affected under section 129, as was done in the case at bar.  *Third,* it may be done by a like order upon the vote of the electors of the districts to be affected, under sections 130, 131, 132 and 133 (added by Laws of 1913, chap. 129, and as amd. by Laws of 1914, chap. 101, as to §§ 131, 132).

Section 134-a (as renum. from § 133 and amd. by Laws of 1913, chap. 129) provides that, where the territory of dissolved districts is annexed in the manner above outlined, either upon the written consent of the trustees or upon the vote of the electors of the districts affected, " the bonded indebtedness of any such district shall thereupon become a charge upon the enlarged district formed by such annexation." That section does not, by its terms, affect an enlarged district where territory was annexed upon an order of the district superintendent of schools made without a written consent of the trustees or a vote of the electors, as provided in sections 128 and 132.

It is urged by the respondent that such fact indicates a legislative intent that in cases where the order is made without the written consent of the trustees or a vote of the electors the bonded indebtedness shall not be assessed against property contained in the districts so annexed. That section, however, neither added to nor took away anything from the law as it existed when the section was enacted. It merely wrote into the Education Law a statement of the existing law, and the mere fact that the section did not refer to an annexation in the method provided for in section 129 did not affect the existing law upon that subject.

The learned counsel for the appellant urges that section 134-a was enacted for the purpose of preventing trustees and electors from including in consents under sections 128 and 132 a provision to the effect that persons and property within the annexed districts should not be liable for bonds and obligations theretofore voted by the district to which they were consenting that their district might be annexed. (*Appeal from Action of Board of Education, Dist. No. 1, Town of Marion,* 34 St. Dept. Rep. 591.) However that may be, section 134-a did not have the effect of changing the common-law rule.

It is argued by the respondent that section 135, which provides: " Though a district be dissolved, it shall continue to exist in law, for the purpose of providing for and paying all its just debts," indicates an intent of the Legislature that a district to which has been annexed the territory of dissolved districts should continue in existence for the purpose of raising money by taxation to pay its bonded indebtedness. We think that section 135 cannot be so construed. That section applies only to the districts which have

been dissolved and not to the district to which territory has been annexed.

We find no other provision of the Education Law which can be construed as intended to change the common law upon the subject. Under that law the respondent's property, situate in one of the districts annexed to old district No. 1, is subject to assessment to pay the bonds issued by old district No. 1 before the annexation of the districts in question.

The conclusions of law made herein at Special Term should be disapproved and reversed and new conclusions made in accordance with this opinion. The judgment should be reversed upon the law, with costs, and the complaint dismissed, with costs.

All concur, except TAYLOR, J., not voting. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment reversed on the law, with costs, conclusions of law disapproved and reversed and new conclusions of law made in accordance with the opinion and judgment directed for the defendant dismissing the complaint, with costs.